526 P.2d 161

**Norman L. MARSH, Petitioner,**

v.

**Henry HAWS, Robert Corbin, J. Robert Stark, Joe Eddie Lopez, Eldon Rudd, Members of and Constituting the Board of Supervisors of Maricopa County, Arizona, and Rhea Woodall, Clerk of the Board of Supervisors for Maricopa County, Lonnie Q. GRAY, Stephen D. Sabol, and Ossie E. Owens, Real Parties in Interest, Respondents.**

No. 11644.

Supreme Court of Arizona,
In Division.

Sept. 11, 1974.

Andrews, Marenda & Moseley, P. A. by William S. Andrews, Phoenix, for petitioner.

James G. Bond, Phoenix, for respondents.

Stephen D. Sabol, in pro. per.

PER CURIAM.

Review in this matter has been accomplished through the accelerated appeal procedures provided by A.R.S. § 16–306 for the speedy disposition of certain appeals involving election-related disputes.

The plaintiff-appellant initially filed his action in the Maricopa County Superior Court seeking to enjoin the placing of the names of the defendant-appellees, Lonnie Q. Gray, Stephen D. Sabol, and Ossie E. Owens, on the primary election ballot. The trial judge refused to grant the relief

sought in the complaint, finding substantial compliance with the statutory requirements. The plaintiff then filed his notice of appeal, and this court issued its temporary restraining order, restraining the printing of the ballots pending our final decision on the appeal.

The question involved is the sufficiency of the designation on nomination petitions of the office sought by the defendants, who were candidates for the office of Justice of the Peace, South Phoenix Precinct, Maricopa County, Arizona. At the time the nominating petitions of candidates Sabol and Owens were circulated, the petitions stated that Sabol and Owens were candidates for the Democratic Party nomination for the office of "Justice of the Peace", with no further identification or designation of the specific Justice of the Peace office sought. In Maricopa County there are seventeen different Justice of the Peace precincts, and in fourteen of these, justices of the peace were to be nominated at the September 10, 1974 primary election. When the nominating petitions of defendants Sabol and Owens were tendered to the Clerk of the Board of Supervisors for filing, she refused to accept the same until the candidates had changed the designation of the office sought by adding the words "South Phoenix" with the change being initialed by the candidates. Needless to say, this change occurred after the obtaining of the signatures of the various electors on the petitions.

■■■ In our opinion, the description of the office sought as contained in the nominating petitions of defendants Sabol and Owens at the time they were signed by the electors did not substantially comply with the requirements of A.R.S. § 16–303. As previously stated, there are seventeen separate Justice of the Peace precincts in Maricopa County, and candidates from fourteen of these precincts were to be nominated at the September 10, 1974 primary. The boundaries of these Justice of the Peace precincts are not identical to voter registration precincts, so there can be no

contention that a qualified elector from, for example, Barr Precinct, would automatically know that he was nominating a candidate for the office of "Justice of the Peace of Barr Precinct." In fact there is no such office. The description of the office sought was insufficient at the time the petitions were circulated, and no change made by subsequent interlineation could operate to cure the defect. State ex rel. Dithmar v. Bunnell, 131 Wis. 198, 110 N. W. 177 (1907).

■■■ As to defendant Gray, in accordance with the principles set forth in Adams v. Bolin, 77 Ariz. 316, 271 P.2d 472 (1954), we agree with the determination made by the trial judge that his petitions are in substantial compliance with the provisions of A.R.S. § 16–303. A portion of defendant Gray's petitions, at the time they were signed by the electors, contained the designation " . . . for the office of Justice of the Peace: SO. PHX. Precinct". In our opinion the meaning of the abbreviation, "SO. PHX.", in the context used cannot be seriously questioned, and if the number of signatures on these particular petitions had met the statutory requirements, it would not be necessary to consider the remainder of his petitions. However, a different designation was contained on the remainder of his petitions, as follows: " . . . for the office of Justice of the Peace—So. Precinct". Again, in the context used, it is our opinion that the abbreviation "So." is clear. Counsel for the plaintiff does not contend that any of the other Justice of the Peace precincts in Maricopa County begin with the word "South" or a similar word. Under these circumstances, it is our opinion that the particular office sought by candidate Gray was sufficiently designated so as to constitute substantial compliance with the statutory requirements.

In accordance with our order previously entered herein, the judgment of the trial court concerning defendants Sabol and Owens is reversed and the temporary restraining order previously issued by this

Court is made permanent. As to the defendant Gray, the judgment of the trial court is affirmed and the temporary restraining order previously issued by this Court is dissolved.

Note: In the absence of Chief Justice JACK D. H. HAYS from the State, Judge LEVI RAY HAIRE, Court of Appeals, Division One, was called to sit in his stead.