SUPREME COURT OF ARIZONA

| | | |
|---|---|---|
| CARL SEEL, an individual and qualified elector, | ) ) ) | Arizona Supreme Court No. CV-04-0219-AP/EL |
| Plaintiff-Appellee, | ) ) ) | Maricopa County Superior Court |
| v. | ) ) ) | No. CV2004-011971 |
| | ) | MEMORANDUM DECISION |
| TIM SIFERT, an individual, Real Party in Interest, THE HONORABLE R. FULTON BROCK, DON STAPLEY, ANDREW KUNASEK, MAX W. WILSON AND MARY ROSE WILCOX, THE DULY ELECTED OR APPOINTED MEMBERS OF THE MARICOPA COUNTY BOARD OF SUPERVISORS, WHO ARE NAMED SOLELY IN THEIR OFFICIAL CAPACITY; THE MARICOPA COUNTY BOARD OF SUPERVISORS; THE HONORABLE HELEN PURCELL, THE DULY ELECTED MARICOPA COUNTY RECORDER, WHO IS NAMED SOLELY IN HER OFFICIAL CAPACITY, AND THE HONORABLE KAREN OSBORNE, THE DULY APPOINTED MARICOPA COUNTY DIRECTOR OF ELECTIONS, WHO IS SOLELY NAMED IN HER OFFICIAL CAPACITY; THE HONORABLE MANNY RUIZ, ROBERT DAMON, JOHN MAYNARD, THE DULY ELECTED OR APPOINTED MEMBERS OF THE SANTA CRUZ COUNTY BOARD OF SUPERVISORS, WHO ARE NAMED SOLELY IN THEIR OFFICIAL CAPACITY; THE SANTA CRUZ COUNTY BOARD OF SUPERVISORS; THE HONORABLE SUZIE SAINZ, THE DULY ELECTED SANTA CRUZ COUNTY RECORDER, WHO IS NAMED | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | (Not for Publication Ariz. R. Sup Ct. 111) |

SOLELY IN HER OFFICIAL CAPACITY,    )
AND THE HONORABLE MELINDA           )
MEEK, THE DULY APPOINTED            )
SANTA CRUZ COUNTY DIRECTOR OF       )
ELECTIONS, WHO IS SOLELY NAMED IN   )
HER OFFICIAL CAPACITY;              )
THE HONORABLE JODY N. KLEIN,        )
KAY L. MOTTER, AND NADINE           )
M. PARKHURST, THE DULY              )
ELECTED OR APPOINTED MEMBERS OF     )
THE COCHISE COUNTY BOARD OF         )
SUPERVISORS, WHO ARE NAMED          )
SOLELY IN THEIR OFFICIAL CAPACITY;  )
THE COCHISE COUNTY BOARD OF         )
SUPERVISORS;                        )
THE HONORABLE CHRISTINE RHODES,     )
THE DULY ELECTED COCHISE            )
COUNTY RECORDER, WHO IS NAMED       )
SOLELY IN HER OFFICIAL CAPACITY,    )
AND THE HONORABLE TOM               )
SCHELLING, THE DULY APPOINTED       )
COCHISE COUNTY DIRECTOR OF          )
ELECTIONS, WHO IS SOLELY NAMED IN   )
HIS OFFICIAL CAPACITY;              )
THE HONORABLE ANN DAY, RAMON        )
VALADEZ, SHARON BRONSON, RAY        )
CARROLL AND RICHARD ELIAS,          )
THE DULY                            )
ELECTED OR APPOINTED MEMBERS OF     )
THE PIMA COUNTY BOARD OF            )
SUPERVISORS, WHO ARE NAMED          )
SOLELY IN THEIR OFFICIAL CAPACITY;  )
THE PIMA COUNTY BOARD OF            )
SUPERVISORS;                        )
THE HONORABLE F. ANN RODRIGUEZ,     )
THE DULY ELECTED PIMA               )
COUNTY RECORDER, WHO IS NAMED       )
SOLELY IN HER OFFICIAL CAPACITY,    )
AND THE HONORABLE BRAD R.           )
NELSON, THE DULY APPOINTED          )
PIMA COUNTY DIRECTOR OF             )
ELECTIONS, WHO IS SOLELY NAMED IN   )
HIS OFFICIAL CAPACITY;              )
THE HONORABLE LENORE LORONA         )
STUART, LUCY SHIPP, CASEY           )
PROCHASKA, MARCO A. REYES AND       )
ROBERT J. MCLENDON, THE DULY        )

ELECTED OR APPOINTED MEMBERS OF )
THE YUMA COUNTY BOARD OF )
SUPERVISORS, WHO ARE NAMED )
SOLELY IN THEIR OFFICIAL CAPACITY; )
THE YUMA COUNTY BOARD OF )
SUPERVISORS; )
THE HONORABLE SUSAN MARLER, )
THE DULY ELECTED YUMA )
COUNTY RECORDER, WHO IS NAMED )
SOLELY IN HER OFFICIAL CAPACITY, )
AND THE HONORABLE SHARYN )
RUNYEN, THE DULY APPOINTED )
YUMA COUNTY DIRECTOR OF )
ELECTIONS, WHO IS SOLELY NAMED IN )
HER OFFICIAL CAPACITY; )
THE HONORABLE LIONEL D. RUIZ, )
SANDIE SMITH, AND JIMMIE )
B. KERR, THE DULY )
ELECTED OR APPOINTED MEMBERS OF )
THE PINAL COUNTY BOARD OF )
SUPERVISORS, WHO ARE NAMED )
SOLELY IN THEIR OFFICIAL CAPACITY; )
THE PINAL COUNTY BOARD OF )
SUPERVISORS; )
THE HONORABLE LAURA DEAN LYTLE, )
THE DULY ELECTED PINAL )
COUNTY RECORDER, WHO IS NAMED )
SOLELY IN HER OFFICIAL CAPACITY, )
AND THE HONORABLE GILBERT B. )
HOYOS, THE DULY APPOINTED )
PINAL COUNTY DIRECTOR OF )
ELECTIONS, WHO IS SOLELY NAMED IN )
HIS OFFICIAL CAPACITY; )
THE HONORABLE DREW JOHN, JIM )
PALMER AND MARK HERRINGTON, )
THE DULY )
ELECTED OR APPOINTED MEMBERS OF )
THE GRAHAM COUNTY BOARD OF )
SUPERVISORS, WHO ARE NAMED )
SOLELY IN THEIR OFFICIAL CAPACITY; )
THE GRAHAM COUNTY BOARD OF )
SUPERVISORS; )
THE HONORABLE WENDY JOHN, )
THE DULY ELECTED GRAHAM )
COUNTY RECORDER, WHO IS NAMED )
SOLELY IN HER OFFICIAL CAPACITY, )
AND THE HONORABLE JUDY )

DICKERSON, THE DULY APPOINTED )
GRAHAM COUNTY DIRECTOR OF )
ELECTIONS, WHO IS SOLELY NAMED IN )
HER OFFICIAL CAPACITY; )
THE HONORABLE DONALD STACEY, )
HECTOR RUEDAS, and DIXIE )
ZUMWALT, THE DULY )
ELECTED OR APPOINTED MEMBERS OF )
THE GREENLEE COUNTY BOARD OF )
SUPERVISORS, WHO ARE NAMED )
SOLELY IN THEIR OFFICIAL CAPACITY; )
THE GREENLEE COUNTY BOARD OF )
SUPERVISORS; )
THE HONORABLE BERTA MANUZ, )
THE DULY ELECTED GREENLEE )
COUNTY RECORDER, WHO IS NAMED )
SOLELY IN HER OFFICIAL CAPACITY, )
AND THE HONORABLE EVON PEARSON, )
THE DULY APPOINTED )
GREENLEE COUNTY DIRECTOR OF )
ELECTIONS, WHO IS SOLELY NAMED IN )
HER OFFICIAL CAPACITY; )
THE HONORABLE JIM CLAW, TOM M. )
WHITE JR., and DAVID A. BROWN, )
THE DULY )
ELECTED OR APPOINTED MEMBERS OF )
THE APACHE COUNTY BOARD OF )
SUPERVISORS, WHO ARE NAMED )
SOLELY IN THEIR OFFICIAL CAPACITY; )
THE APACHE COUNTY BOARD OF )
SUPERVISORS; )
THE HONORABLE MARGARET A. )
COALTER, THE DULY ELECTED APACHE )
COUNTY RECORDER, WHO IS NAMED )
SOLELY IN HER OFFICIAL CAPACITY, )
AND THE HONORABLE PENNY L. PEW, )
THE DULY APPOINTED )
APACHE COUNTY DIRECTOR OF )
ELECTIONS, WHO IS SOLELY NAMED IN )
HER OFFICIAL CAPACITY; )
THE HONORABLE PERCY DEAL, JESSE )
THOMPSON, J.R. DESPAIN, PETE )
SHUMWAY AND JERRY BROWNLOW, )
THE DULY )
ELECTED OR APPOINTED MEMBERS OF )
THE NAVAJO COUNTY BOARD OF )
SUPERVISORS, WHO ARE NAMED )

SOLELY IN THEIR OFFICIAL CAPACITY;  )
THE NAVAJO COUNTY BOARD OF         )
SUPERVISORS;                       )
THE HONORABLE LAURETTE JUSTMAN,    )
THE DULY ELECTED NAVAJO            )
COUNTY RECORDER, WHO IS NAMED      )
SOLELY IN HER OFFICIAL CAPACITY,   )
AND THE HONORABLE KELLY            )
DASTRUP, THE DULY APPOINTED        )
NAVAJO COUNTY DIRECTOR OF          )
ELECTIONS, WHO IS SOLELY NAMED IN  )
HER OFFICIAL CAPACITY;             )
THE HONORABLE PAUL BABBITT,        )
LIZ ARCHULETA, MATT RYAN,          )
DEB HILL AND LOUISE YELLOWMAN,     )
THE DULY                           )
ELECTED OR APPOINTED MEMBERS OF    )
THE COCONINO COUNTY BOARD OF       )
SUPERVISORS, WHO ARE NAMED         )
SOLELY IN THEIR OFFICIAL CAPACITY; )
THE COCONINO COUNTY BOARD OF       )
SUPERVISORS;                       )
THE HONORABLE CANDACE D. OWENS,    )
THE DULY ELECTED COCONINO          )
COUNTY RECORDER, WHO IS NAMED      )
SOLELY IN HER OFFICIAL CAPACITY,   )
AND THE HONORABLE PATTY            )
HANSEN, THE DULY APPOINTED         )
COCONINO COUNTY DIRECTOR OF        )
ELECTIONS, WHO IS SOLELY NAMED IN  )
HER OFFICIAL CAPACITY;             )
THE HONORABLE PETE BYERS, TOM      )
SOCKWELL AND BUSTER                )
JOHNSON, THE DULY                  )
ELECTED OR APPOINTED MEMBERS OF    )
THE MOHAVE COUNTY BOARD OF         )
SUPERVISORS, WHO ARE NAMED         )
SOLELY IN THEIR OFFICIAL CAPACITY; )
THE MOHAVE COUNTY BOARD OF         )
SUPERVISORS;                       )
THE HONORABLE JOAN MCCALL,         )
THE DULY ELECTED MOHAVE            )
COUNTY RECORDER, WHO IS NAMED      )
SOLELY IN HER OFFICIAL CAPACITY,   )
AND THE HONORABLE ALLEN            )
TEMPERT, THE DULY APPOINTED        )
MOHAVE COUNTY DIRECTOR OF          )

ELECTIONS, WHO IS SOLELY NAMED IN )
HER OFFICIAL CAPACITY; )
THE HONORABLE JAY HOWE, )
CLIFFORD EDEY, AND EUGENE )
FISHER, THE DULY )
ELECTED OR APPOINTED MEMBERS OF )
THE LA PAZ COUNTY BOARD OF )
SUPERVISORS, WHO ARE NAMED )
SOLELY IN THEIR OFFICIAL CAPACITY; )
THE LA PAZ COUNTY BOARD OF )
SUPERVISORS; )
THE HONORABLE PATRICIA L. WALL, )
THE DULY ELECTED LA PAZ )
COUNTY RECORDER, WHO IS NAMED )
SOLELY IN HER OFFICIAL CAPACITY, )
AND THE HONORABLE DONNA J. )
HALE, THE DULY APPOINTED )
LA PAZ COUNTY DIRECTOR OF )
ELECTIONS, WHO IS SOLELY NAMED IN )
HER OFFICIAL CAPACITY; )
THE HONORABLE GHERAL )
BROWNLOW, LORNA STREET, AND )
CHIP DAVIS, THE DULY )
ELECTED OR APPOINTED MEMBERS OF )
THE YAVAPAI COUNTY BOARD OF )
SUPERVISORS, WHO ARE NAMED )
SOLELY IN THEIR OFFICIAL CAPACITY; )
THE YAVAPAI COUNTY BOARD OF )
SUPERVISORS; )
THE HONORABLE PATSY JENNEY- )
COLON, THE DULY ELECTED YAVAPAI )
COUNTY RECORDER, WHO IS NAMED )
SOLELY IN HER OFFICIAL CAPACITY, )
AND THE HONORABLE SHARON )
KEENE WRIGHT, THE DULY APPOINTED )
YAVAPAI COUNTY DIRECTOR OF )
ELECTIONS, WHO IS SOLELY NAMED IN )
HER OFFICIAL CAPACITY; )
THE HONORABLE JOSE M. SANCHEZ, )
RONALD CHRISTENSEN, and CRUZ )
SALAS, THE DULY )
ELECTED OR APPOINTED MEMBERS OF )
THE GILA COUNTY BOARD OF )
SUPERVISORS, WHO ARE NAMED )
SOLELY IN THEIR OFFICIAL CAPACITY; )
THE GILA COUNTY BOARD OF )
SUPERVISORS; )

THE HONORABLE LINDA HAUGHT )
ORTEGA, THE DULY ELECTED GILA )
COUNTY RECORDER, WHO IS NAMED )
SOLELY IN HER OFFICIAL CAPACITY, )
AND THE HONORABLE DIXIE )
MUNDY, THE DULY APPOINTED )
GILA COUNTY DIRECTOR OF )
ELECTIONS, WHO IS SOLELY NAMED IN )
HER OFFICIAL CAPACITY; )
THE HONORABLE JANICE K. BREWER, )
THE DULY ELECTED ARIZONA )
SECRETARY OF STATE, WHO IS NAMED )
SOLELY IN HER OFFICIAL CAPACITY; )
)
          Defendants-Appellants. )
)
_____)

Appeal from the Maricopa County Superior Court
The Honorable Paul A. Katz

**AFFIRMED**

_____

Scott E. Williams                                  Scottsdale
and
Robert E. Melton                                 Scottsdale
Attorneys for Plaintiff-Appellee

Gammage & Burnham PLC                         Phoenix
    By:  Lisa T. Hauser
    and  Leonard W. Aragon
Attorneys for Defendant-Appellant Tim Sifert

Richard M. Romley, Maricopa County Attorney       Phoenix
    By:  Bruce P. White
    and  Jill M. Kennedy
Attorneys for County Defendants-Appellants

Terry Goddard, Arizona Attorney General           Phoenix
    By:  Jessica Gifford Funkhouser
Attorneys for Defendant-Appellant
Arizona Secretary of State

_____


**R Y A N**, Justice

¶1        Arizona Revised Statutes ("A.R.S.") section 16-314(D) (Supp. 2003) requires that "a person seeking to fill an unexpired vacant term for any public office shall designate the expiration date of the term following the name of the office being sought."   The questions this election appeal raises are whether Tim Sifert was "seeking to fill an unexpired vacant term" for the office of Corporation Commissioner for the purposes of A.R.S. § 16-314(D) and, if so, whether Sifert substantially complied with that statute.   We have jurisdiction under A.R.S. § 16-351(A) (Supp. 2003).

## I.

¶2        Jim Irvin was elected to a four-year term of office as a Corporation Commissioner beginning January 2003.   In September 2003 Irvin resigned, and the governor appointed Kris Mayes to fill the position until the next general election in accordance with Article 15, Section 1(C), of the Arizona Constitution. This section provides in part, "[I]n case of vacancy in the office [of the Corporation Commission], the governor shall appoint a commissioner to fill the vacancy.   The appointed commissioner shall fill the vacancy until a commissioner shall be elected at a general election as provided by law, and shall qualify."   Ariz. Const. art 15, § 1(C).

¶3        Tim Sifert timely filed nominating petitions for the office of Corporation Commissioner.   However, two different

terms for seats on the Corporation Commission are up for election in 2004: one seat has a term expiring January 1, 2007, which is the office currently held by Mayes, and three seats have terms expiring January 5, 2009. Although Sifert is seeking the office with the term that expires on January 1, 2007, his nominating petitions did not "designate the expiration date of the term following the name of the office being sought." *See* A.R.S. § 16-314(D). Carl Seel, a candidate for the same office, filed a complaint in Maricopa County Superior Court seeking an injunction to prevent Sifert's name from appearing on the primary election ballot because he did not comply with A.R.S. § 16-314(D).

¶4 After a hearing, the trial court found that A.R.S. § 16-314(D) applies to the office of Corporation Commissioner with a "term expiring January 1, 2007." Consequently, the court concluded that Sifert's nominating petitions violated A.R.S. § 16-314(D) because they failed to designate the expiration date of the term of office. As a result, the court enjoined election officials from placing Sifert's name on the ballot.

¶5 Sifert filed a direct appeal with this court, asking us to overturn the trial court's decision. In a prior order we affirmed the judgment of the trial court and affirmed the injunction issued by that court. We now explain our previous order. Because this case involves an issue of statutory

- 9 -

interpretation and thus presents a question of law, our review is de novo.  *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.*, 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994).

**II.**

**A.**

¶6	In interpreting a statute, we first look to the statutory language "because we expect it to be 'the best and most reliable index of a statute's meaning.'" *State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993) (quoting *Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991)). "If the language is clear, the court must 'apply it without resorting to other methods of statutory interpretation.'" *Bilke v. State*, 206 Ariz. 462, 464, ¶ 11, 80 P.3d 269, 271 (2003) (citing *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994)).  "We interpret constitutional provisions by examining the text and, *where necessary*, history in an attempt to determine the framers' intent." *Kotterman v. Killian*, 193 Ariz. 273, 288, ¶ 54, 972 P.2d 606, 621 (1999) (quoting *Boswell v. Phoenix Newspapers, Inc.*, 152 Ariz. 9, 12, 730 P.2d 186, 189 (1986) (emphasis added)).  "Unambiguous constitutional language, however, is to be given its plain meaning and effect." *US W. Communications, Inc. v. Ariz. Corp. Comm'n*, 201 Ariz. 242, 245, ¶ 10, 34 P.3d 351, 354 (2001).  In addition, when a statute and the constitution both address the same issue, they should be

interpreted in harmony "when it is reasonably possible to do so." *State v. Casey*, 205 Ariz. 359, 362, ¶ 8, 71 P.3d 351, 354 (2003).

**B.**

**¶7**      Sifert argues that A.R.S. § 16-314(D) applies only when a candidate is seeking to fill an unexpired *vacant* office, and although the term of the office he is seeking is unexpired, the office is not vacant because the governor appointed Mayes to fill the vacancy caused by Irvin's resignation. *See* Ariz. Const. art 15, § 1(C).

**¶8**      Mayes can serve only until the next general election at which "a commissioner shall be elected . . . as provided by law." *Id.* The law that applies in this situation is A.R.S. § 16-230(A)(1) (Supp. 2003). This section provides:

> If a state office becomes vacant, the governor shall appoint a person of the same political party as the person vacating the office to fill the portion of the term until the next regular general election. If the vacancy occurs within the first two years of the term, and before the date on which a nomination paper is required to be filed as prescribed by § 16-311, a primary election shall be held as otherwise provided by law to determine candidates to fill the unexpired term. At the next regular general election, the person elected shall fill the remainder of the unexpired term of the vacant office.

A.R.S. § 16-230(A)(1).

**¶9**      Sifert contends that the language of Article 15, Section 1(C) — "shall fill the vacancy until . . . [the] general

- 11 -

election . . . and shall qualify" — dictates that when a governor has appointed someone to fill a vacancy on the Corporation Commission, that office is no longer vacant, and A.R.S. §§ 16-230(A)(1) and 16-314(D) therefore do not apply. Sifert's parsing of the language of A.R.S. § 16-230(A)(1) and Article 15, Section 1(C), of the Arizona Constitution, is not persuasive. Although the language in A.R.S. § 16-230(A)(1) and Article 15, Section 1(C) are not identical, both provisions, when read as a whole, compel the same result: the person appointed to fill the vacant term is in office only as an interim appointee until a full-term officer can be elected. Regardless of whether the appointed office is Corporation Commissioner or another public office, the office is "vacant" for the purposes of the upcoming election. *See Bolin v. Superior Court*, 85 Ariz. 131, 137-38, 333 P.2d 295, 299-300 (1958). Consequently, we reject Sifert's contention.

### III.

¶10    We also reject Sifert's second argument, that if A.R.S. § 16-314(D) does apply, he substantially complied with its requirements. Sifert argues that the harm caused by the omission is *de minimis*, which should not preclude the people of Arizona from voting for him if they choose. According to Sifert, there was no evidence that the petition signers were harmed or confused by this omission. He points out that the

trial court commented that it thought there was no confusion and that it noted that no voter joined in Seel's challenge. Because the omission of the expiration date on the nominating petitions appears to have been harmless, he asserts, he substantially complied with A.R.S. § 16-314(D).

¶11 Election laws are construed liberally, and purely technical departures from the form of the nomination petitions will not outweigh the right of the voters to select a nominee. *Adams v. Bolin*, 77 Ariz. 316, 321-22, 271 P.2d 472, 475 (1954). We review the form of the nomination petitions to determine if it substantially complies with the provisions of election statutes. *See Marsh v. Haws*, 111 Ariz. 139, 140, 526 P.2d 161, 162 (1974).

¶12 In this case, the failure to include the expiration date on Sifert's nominating petitions was not a purely technical departure from the requirements of A.R.S. § 16-314(D). Sifert sought to run for Corporation Commissioner with a term expiring January 1, 2007. If this were the only office for the Corporation Commission on the 2004 ballot, then Sifert's failure to put the expiration date of the term of office arguably would be harmless. But three other seats for Corporation Commissioner are also on the ballot. The terms for these seats all expire on January 5, 2009. Therefore, without the expiration date on Sifert's nomination petitions, petition signers could not

possibly have known which seat Sifert was seeking.  Although the trial judge speculated that the petition signers were not confused,[1] he nevertheless concluded that, as a matter of law, Sifert's nomination petitions "were not in substantial compliance with A.R.S. § 16-314(D)."  Because four seats on the Corporation Commission are up for election, and three have one expiration date, while the fourth has another, we agree with the trial court's conclusion that Sifert did not substantially comply with the provisions of A.R.S. § 16-314(D).

**IV.**

¶13       For the reasons discussed, we affirm the decision of the trial court.  We also award the costs of this appeal to Seel pursuant to A.R.S. § 12-342(A) (2003).


_____
                                Michael D. Ryan, Justice


CONCURRING:


_____
Charles E. Jones, Chief Justice


_____
Ruth V. McGregor, Vice Chief Justice

* Pursuant to Article 6, Section 2, of the Arizona Constitution, this case was heard by a panel of three justices of this court.

---

[1]   No evidence in the record supports a finding whether the petition signers were confused or not.

- 14 -