FILED

JUL 1 1 2008

RACHELLE M. RESNICK
CLERK SUPREME COURT
BY

SUPREME COURT OF ARIZONA
In Division

|  |  |  |
|---|---|---|
| THOMAS HANEY, an individual and qualified elector, | ) ) ) | Arizona Supreme Court No.  CV-08-0195-AP/EL |
| Appellant, | ) ) | Maricopa County Superior Court |
| v. | ) ) | No.  CV2008-014383 |
| THE HONORABLE R. FULTON BROCK, DON STAPLEY, ANDREW KUNASEK, MAX W. WILSON and MARY ROSE WILCOX, THE DULY ELECTED or APPOINTED MEMBERS OF THE MARICOPA COUNTY BOARD OF SUPERVISORS, WHO ARE NAMED SOLELY IN THEIR OFFICIAL CAPACITY; THE MARICOPA COUNTY BOARD OF SUPERVISORS; THE HONORABLE HELEN PURCELL, THE DULY ELECTED MARICOPA COUNTY RECORDER, WHO IS NAMED SOLELY IN HER OFFICIAL CAPACITY, AND THE HONORABLE KAREN OSBORNE, THE DULY APPOINTED MARICOPA COUNTY DIRECTOR OF ELECTIONS, WHO IS NAMED SOLELY IN HER OFFICIAL CAPACITY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM DECISION** (Not for Publication - Ariz. R. Sup. Ct. 111) |
| Appellees, | ) ) | |
| TOM RICE, an individual, | ) ) | |
| Real Party in Interest. | ) ) | |

Appeal from the Superior Court in Maricopa County
The Honorable Douglas L. Rayes, Judge

**AFFIRMED**

WILLIAMS & ZINMAN, P.C.                                    Scottsdale
        By    Scott E. Williams
              Mark B. Zinman
Attorneys for Thomas Haney

RAYMOND, GREER & SASSAMAN, P.C.                            Phoenix
        By    Michael J. Raymond
Attorneys for Tom Rice

_____

**B E R C H**, Vice Chief Justice

¶1      We have been asked to decide whether nominating petitions that contain only twelve signature lines per page comply with Arizona Revised Statutes ("A.R.S.") section 16-315(A)(3) (2006).  Under the facts of this case, we hold that they do.

## I.    FACTS AND PROCEDURAL HISTORY

¶2      Tom Rice seeks his party's nomination to run for Justice of the Peace of the Dreamy Draw Justice Precinct.  To be eligible, Rice needed to submit 441 valid signatures to the Maricopa County Elections Department.  Rice submitted forty-five petition sheets that contained 498 valid signatures.  Only thirty-six of the forty-five petition sheets contained the statutorily prescribed fifteen signature lines; the other nine contained only twelve lines per page.  Those nine sheets bore a total of sixty-seven valid signatures.

¶3      Thomas Haney, a qualified elector, challenged Rice's petitions on the ground that the nine petition sheets containing only twelve signature lines were invalid, and therefore, Rice

failed to submit the required 441 signatures (498 less 67 is 431). On June 23, 2008, the superior court conducted a hearing and held that the deficient petition sheets substantially complied with § 16-315(A)(3). Haney subsequently appealed to this Court, and by an order dated July 1, 2008, we affirmed. In that order we informed the parties that a written decision would follow; this is that decision.

¶4  We have jurisdiction pursuant to Rule 8.1 of the Arizona Rules of Civil Appellate Procedure and A.R.S. § 16-351(A) (2006).

## II. DISCUSSION

¶5  Arizona law prescribes the form in which nominating petitions must be made. At the center of this controversy is A.R.S. § 16-315(A)(3), which provides as follows:

> A.  The nomination petitions shall be in substantially the following form:
>
> . . . .
>
> 3.  There shall be fifteen lines spaced three-eighths of an inch apart and consecutively numbered one through fifteen.

¶6  Haney argues that the text of § 16-315(A)(3) is clear on its face – that is, because the statute uses the word "shall," the doctrine of "substantial compliance" does not apply, and the petitions are therefore deficient because they contain only twelve lines. To support his argument, Haney

- 3 -

asserts that our decision in *Clark v. Pima County Board of Supervisors*, 128 Ariz. 193, 624 P.2d 871 (1981), requires strict adherence to the statute's text. He also maintains that accepting Rice's position would open the door to future interpretations of § 16-315(A), which would frustrate the statute's purpose. Haney urges us to reject the nine petitions containing only twelve signature lines.

¶7 Rice agrees that the text of § 16-315(A) governs. Unlike Haney, however, Rice argues that the prefatory clause of § 16-315(A) requires only that the petition substantially comply with the specific enumerated subsections. Rice distinguishes *Clark* and asserts that our decisions in *Moreno v. Jones*, 213 Ariz. 94, 139 P.3d 612 (2006), *Clifton v. Decillis*, 187 Ariz. 112, 927 P.2d 772 (1996), and *Marsh v. Haws*, 111 Ariz. 139, 526 P.2d 161 (1974), support the textual conclusion that substantial compliance suffices.

¶8 Resolution of this case requires us to answer two related inquiries: first, whether substantial compliance is the correct standard, and second, if so, whether Rice's petitions satisfy that standard. Both questions present issues of law, which we review de novo. *Moreno*, 213 Ariz. at 101-02, ¶ 40, 139 P.3d at 619-20.

## A. The Applicable Standard

¶9 We agree with the trial court that the correct standard is substantial compliance. Although Haney is certainly correct that § 16-315(A) uses the term "shall," the term must be viewed in context with the remaining parts of § 16-315(A). *See Ariz. Dep't of Rev. v. Action Marine, Inc.*, 218 Ariz. 141, 143, ¶ 10, 181 P.3d 188, 190 (2008) (construing statutes as a whole, considering context, language, and purpose). The prefatory clause of § 16-315(A) requires the nominating petitions to be in "substantially the . . . form" of the enumerated subsections. Reading subsection (3) in isolation, as Haney does, without reference to the prefatory clause, would strip the words "substantially the following form" of meaning and purpose. Although the term "shall" and the phrase "substantially the following form" are not entirely consistent, the statute should be read to avoid a construction that would render the latter meaningless, while also giving due weight to the former. *See Kriz v. Buckeye Petroleum Co.*, 145 Ariz. 374, 379, 701 P.2d 1182, 1187 (1985). Thus, we conclude that the best reading of § 16-315(A) gives weight to both; that is, the statute requires substantial compliance with the mandatory enumerated statutory subsections.

¶10 We concluded similarly in *Clifton*. There, we decided whether nominating petitions for a general election complied

- 5 -

with the requirements of A.R.S. § 16-341(D) when the petition forms did not designate the party affiliation of an independent candidate who left the party designation portion of the petition blank. 187 Ariz. at 113, 927 P.2d at 773. Like § 16-315(A), the statutory provision at issue in *Clifton* required that "[t]he nomination petition shall be . . . substantially" in the form provided by the statutory text requiring the candidate to indicate the party name or its equivalent. To be sure, *Clifton* explored a different statute, but we find its analysis particularly persuasive because the prefatory clause in § 16-341(A) is almost identical to that for § 16-315(A).

¶11 The statutory purpose behind nominating petitions also supports our conclusion. As we stated in *Clifton*:

> [N]ominating petitions were designed to "in some measure [weed] out the cranks, the publicity seekers, the frivolous candidates who have no intention of going through with the campaign" . . . "yet not keep out those who are serious in their efforts and have a reasonable number of supporters."

187 Ariz. at 115, 927 P.2d at 775 (second alteration in *Clifton*) (quoting *Adams v. Bolin*, 77 Ariz. 316, 320, 271 P.2d 472, 475 (1954)). Requiring only substantial compliance furthers this statutory purpose, and we therefore conclude that § 16-315(A) "does not mandate perfection but only that candidates substantially comply with its requirements." *Id.* at 116, 927 P.2d at 776.

- 6 -

¶12     Finally, we find Haney's citation to *Clark* unhelpful. The issue in *Clark* was whether "the signers of nominating petitions must sign with the exact name under which they are registered to vote," not whether the *forms themselves* substantially complied with the statutory requirements. 128 Ariz. at 194, 624 P.2d at 872. *Clark* required only that the proponent be prepared to offer additional proof that the signatories were properly registered when their names did not match voter registration affidavits. *Id.* at 195, 624 P.2d at 873; *see also* 1993 Ariz. Sess. Laws, ch. 98, § 22 (1st Reg. Sess.) (modifying statutory section at issue in *Clark*).

**B.     Substantial Compliance with A.R.S. § 16-315**

¶13     Having determined that substantial compliance is the appropriate standard, we must now determine whether the petitions containing only twelve lines substantially comply with § 16-315. We conclude that they do.

¶14     "In determining whether a nomination petition form substantially complies with the statutory requirements, this court has focused on whether the omission of information could confuse or mislead electors signing the petition." *Moreno*, 213 Ariz. at 102, ¶ 42, 139 P.3d at 620. To be sure, § 16-315(A) "allows a measure of inconsistency" so long as it does not affect the result. *Id.* (quoting *Clifton*, 187 Ariz. at 116, 927 P.2d at 776).

- 7 -

¶15     Here, the nominating petition sheets containing only twelve signature lines were identical, in both form and substance, to the unchallenged petition sheets with the exception that the bottom three lines were cut off. This was likely the result of copier error. Indeed, all the information necessary to understand the petitions was present – the name of the court and office sought, the party affiliation, the name of the candidate, the candidate's address, the county, and the date of the election. No potential signer would distinguish between the deficient and non-deficient sheets, and any signer would be able to reject or accept the petition on its face.

¶16     We believe that having fewer lines than required by § 16-315 does nothing to confuse or mislead an elector. Finally, having fewer lines is considerably less substantial than those deficiencies that were not disqualifying in *Moreno*, 213 Ariz. at 102, ¶ 44, 139 P.3d at 620 (omission of day and month of primary election date), *Clifton*, 187 Ariz. at 116, 927 P.2d at 776 (omission of party designation for independent candidate), and *Marsh*, 111 Ariz. at 140, 526 P.2d at 162 (using "SO. PHX. Precinct" as an abbreviation for the South Phoenix Precinct). Thus, we hold that the petitions in this case substantially comply with § 16-315(A)(3).

## III.  CONCLUSION

**¶17**    For the foregoing reasons, we affirm the judgment of the superior court.

_____
Rebecca White Berch, Vice Chief Justice

CONCURRING:


_____
Michael D. Ryan, Justice


_____
W. Scott Bales, Justice