SUPREME COURT OF ARIZONA
In Division

JILL KENNEDY, an individual and ) Arizona Supreme Court
qualified elector, ) No. CV-12-0277-AP/EL
)
Plaintiff/Appellant, ) Coconino County
) Superior Court
v. ) No. CV2012-00508
)
JOSEPH LODGE, an individual, )
Real Parties in Interest, THE )
HONORABLE CARL TAYLOR, MATT RYAN, ) **O P I N I O N**
ELIZABETH ARCHULETA, LENA )
FOWLER, AND MANDY METZGER, THE )
DULY ELECTED OR APPOINTED )
MEMBERS OF THE COCONINO COUNTY )
BOARD OF SUPERVISORS, WHO ARE )
NAMED SOLELY IN THEIR OFFICIAL )
CAPACITY; WENDY ESCOFFIER, CLERK )
OF THE BOARD OF SUPERVISORS, WHO )
IS NAMED SOLELY IN HER OFFICIAL )
CAPACITY; THE COCONINO COUNTY )
BOARD OF SUPERVISORS; THE )
HONORABLE CANDACE D. OWENS, THE )
DULY ELECTED COCONINO COUNTY )
RECORDER, WHO IS NAMED SOLELY IN )
HER OFFICIAL CAPACITY, AND THE )
HONORABLE PATTY HANSEN, THE DULY )
APPOINTED COCONINO COUNTY )
ELECTION ADMINISTRATOR, WHO IS )
SOLELY NAMED IN HER OFFICIAL )
CAPACITY, )
)
Defendants/Appellees. )
_____ )


Appeal from the Superior Court in Coconino County
The Honorable David L. Mackey, Judge

**REVERSED**
_____

WILLIAMS, ZINMAN, & PARHAM, P.C.                    Scottsdale
      By    Scott E. Williams
            Mark B. Zinman
            Melissa A. Parham
            Michael A. Parham
Attorneys for Jill Kennedy

COPPERSMITH, SCHERMER, & BROCKELMAN, P.L.C.            Phoenix
      By    Andrew S. Gordon
            Roopali H. Desai
Attorneys for Joseph Lodge

DAVID W. ROZEMA, COCONINO COUNTY ATTORNEY           Flagstaff
      By    Jean E. Wilcox, Deputy County Attorney
Attorneys for Carl Taylor, Matt Ryan,
Elizabeth Archuleta, Lena Fowler, Mandy Metzger,
Wendy Escoffier, Candace Owens, and Patty Hansen

WILLIAM G. MONTGOMERY, MARICOPA COUNTY ATTORNEY       Phoenix
      By    M. Colleen Connor, Deputy County Attorney
            Bruce P. White, Deputy County Attorney
Attorneys for Amici Curiae
Helen Purcell and Karen Osborne
_____

**B E R C H**, Chief Justice

¶1      On August 21, 2012, we issued an order reversing the superior court's ruling and disqualifying Joseph Lodge from participating as a Libertarian Party write-in candidate for the August 28, 2012, primary election.  We further ordered that his name not be placed on the official ballot for the 2012 general election for the office of Coconino County Superior Court Judge, Division Five.  This opinion explains our Order.

## I.   FACTS AND PROCEDURAL HISTORY

¶2      Joseph Lodge is the incumbent judge of Division Five of the Superior Court in Coconino County who seeks election to a

- 2 -

new term in that office.  In an earlier opinion, we held that Lodge's omission of the superior court division number from his nominating petitions rendered all of his petitions for the primary election fatally defective.  *Kennedy v. Lodge* (*Lodge I*), 230 Ariz. 134, 137 ¶ 16, 281 P.3d 488, 491 (2012).  Accordingly, Lodge was ineligible for the 2012 Democratic primary election.  *Id.* at 135 ¶ 5, 137 ¶ 16, 281 P.3d at 489, 491; *see also* A.R.S. § 16-333 (2006).

¶3    Lodge then sought to run as a write-in candidate in the Libertarian Party primary election.  Jill Kennedy, a qualified elector, challenged Lodge's write-in candidacy, arguing that A.R.S. § 16-312(F)(3) (Supp. 2011) bars Lodge from running as a write-in candidate because he filed nomination petitions, but failed to secure enough valid signatures to run in the Democratic primary.  Kennedy also asserts that the trial court in *Lodge I* implicitly held the individual petition signatures to be invalid, therefore barring Lodge from asserting their validity here under the doctrine of collateral estoppel.

¶4    Distinguishing invalid nominating petitions from invalidation of the individual signatures on those petitions, the superior court ruled that the invalidated petitions did not trigger application of A.R.S. § 16-312(F)(3).  The court reasoned that the invalidity of the petitions did not imply a

"fail[ure] to provide a sufficient number of valid petition signatures" so as to disqualify Lodge's write-in candidacy.

**¶5**        Kennedy timely appealed.  We have jurisdiction over this expedited appeal pursuant to A.R.S. § 16-351(A) (Supp. 2011).  *See also* ARCAP 8.1 (setting forth procedures for expedited election appeals).

## II.  DISCUSSION

**¶6**        The outcome of this case turns on statutory interpretation, an issue of law that we review de novo.  *Duncan v. Scottsdale Med. Imaging, Ltd.*, 205 Ariz. 306, 308 ¶ 2, 70 P.3d 435, 437 (2003).  Section 16-312(F), A.R.S., bars persons from running as write-in candidates in four specific circumstances.  At issue in this case is § 16-312(F)(3), which applies to candidates who have "filed a nomination petition for the current primary election for the office sought and failed to provide a sufficient number of valid petition signatures as prescribed by § 16-322."  Thus, we must determine whether this statutory bar applies to a candidate whose petitions were invalid in their entirety for failure to substantially comply with the statutory requirements.[1]

_____

[1]    Lodge had timely filed 99 petitions containing 1,110 signatures in total, but all of the petitions were invalidated in *Lodge I*, 230 Ariz. at 135 ¶ 3, 137 ¶ 16, 281 P.3d at 489, 491.  Our decision here does not rest on whether the number of signatures would otherwise have been sufficient.

¶7 Lodge urges this Court to distinguish between defective petitions and petitions containing an inadequate number of signatures after all challenges to individual signatures have been resolved. He asserts that § 16-312(F)(3) applies only in the latter situation, construing the phrase "as prescribed by § 16-322" as limiting subsection (F)(3)'s preceding language.

¶8 We disagree. Section 16-322 merely sets forth methods for calculating the number of signatures required on nomination petitions for various elected offices. Contrary to Lodge's suggestion, § 16-322 does not provide any method for determining the validity of signatures and does not form an independent legal basis for disqualifying candidates or signatures.

¶9 Lodge also reasons that signatures may still be valid for purposes of § 16-312(F)(3) even though the petition forms containing the signatures were defective.[2] This Court has previously observed, however, that signatures on defective petitions are themselves invalid. *Moreno v. Jones*, 213 Ariz.

---

[2] Lodge argues that Kennedy stipulated during the evidentiary hearing in *Lodge I* that Lodge had enough valid signatures. The record, however, clearly reflects that Kennedy intended only to waive previously asserted challenges to the individual signatures themselves. The *Lodge I* trial court correctly determined that Kennedy conceded that if all the petitions were valid, "Mr. Lodge still had sufficient *potentially* valid signatures." (Emphasis added.) But Kennedy consistently maintained that all signatures were invalid because the petitions containing them were invalid.

94, 101 n.4 ¶ 39, 139 P.3d 612, 619 n.4 (2006); *Brousseau v. Fitzgerald*, 138 Ariz. 453, 456, 675 P.2d 713, 716 (1984). This principle applies even though the grounds for invalidation here differ from those in *Brousseau* and *Moreno*.

**¶10** In *Brousseau*, we voided petitions that were falsely certified as having been circulated by individuals who had not collected the signatures. 138 Ariz. at 454, 456, 675 P.2d at 714, 716. We held that signatures on such petitions "may not be considered in determining the sufficiency of the number of signatures to qualify for placement on the ballot." *Id.* at 456, 675 P.2d at 716. Counting signatures on defective petitions, we noted, was inconsistent with the goal of the statutory requirements: to ensure the integrity of nominations by guarding against misrepresentations and reducing erroneous signatures. *Id.*

**¶11** The reasoning in *Brousseau* is especially persuasive where, as here, the face of the petition might have misled signers regarding the office for which the candidate was running. As we noted in *Lodge I*, because Lodge failed to list "Division Five" on his petitions, signers could not know from the face of the petitions for which office he was seeking nomination. 230 Ariz. at 136 ¶ 12, 281 P.3d at 490. Therefore, the defects in Lodge's petitions, although different from those

in *Brousseau*, are no less fatal to the validity of the signatures contained on the invalid petitions.

¶12       Other election statutes support this conclusion. Section 16-321, which governs the validity of signatures, directs that signatures "shall not be counted" unless they are "on a sheet bearing the form prescribed by § 16-314." A.R.S. § 16-321(A) (Supp. 2011). "The applicable statutes require superior court judicial nominating petitions to specifically designate the division number of the judicial office sought." *Lodge I*, 230 Ariz. at 137 ¶ 16, 281 P.3d at 491. Because Lodge's petitions did not contain that required information, they did not "substantially comply with statutory requirements." *Id.* at 136 ¶ 12, 281 P.3d at 490. And "[a]ny petition filed by a candidate for [judicial office that] does not comply with the provisions of this chapter shall have no force or effect at any such election." A.R.S. § 16-333.

¶13       We hold that a candidate whose nominating petitions have "no force or effect," *id.*, "fail[s] to provide a sufficient number of valid petition signatures" under A.R.S. § 16-312(F)(3). Kennedy's successful challenge to all of Lodge's petitions placed Lodge squarely within the scope of the statutory bar in § 16-312(F)(3).

¶14       In view of this conclusion, we need not address the res judicata and collateral estoppel arguments Kennedy raised.

## III.  CONCLUSION

¶**15**      For the foregoing reasons, we reverse the judgment of the superior court.  Appellee Joseph Lodge is disqualified from participating as a Libertarian Party write-in candidate for the office of Coconino County Superior Court Judge, Division Five, in the August 28, 2012, primary election.  The Coconino County Recorder and Elections Administrator shall not count any votes for him in the tally of ballots for that election.  Nor shall Joseph Lodge's name be placed on the official ballot for the 2012 general election for the office of Coconino County Superior Court Judge, Division Five.

_____
Rebecca White Berch, Chief Justice


CONCURRING:


_____
A. John Pelander, Justice


_____
Robert M. Brutinel, Justice