IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**DON SHOOTER, INDIVIDUALLY,**
*Plaintiff/Appellant,*

*v.*

**TOBY FARMER, INDIVIDUALLY, REAL PARTY IN INTEREST; HELEN PURCELL, IN HER OFFICIAL CAPACITY AS MARICOPA COUNTY RECORDER; BOARD OF SUPERVISORS OF MARICOPA COUNTY, A PUBLIC ENTITY; ROBYN STALLWORTH POUQUETTE, IN HER OFFICIAL CAPACITY AS YUMA COUNTY RECORDER; YUMA COUNTY BOARD OF SUPERVISORS, A PUBLIC ENTITY; SANDRA K. MARKHAM, IN HER OFFICIAL CAPACITY AS YAVAPAI COUNTY RECORDER; YAVAPAI COUNTY BOARD OF SUPERVISORS, A PUBLIC ENTITY; KEN BENNETT, IN HIS OFFICIAL CAPACITY AS ARIZONA SECRETARY OF STATE,**
*Defendants/Appellees.*

No. CV-14-0180-AP/EL
Filed July 29, 2014

Appeal from the Superior Court in Maricopa County
The Honorable John Christian Rea, Judge
No. CV2014-008772
**AFFIRMED**

COUNSEL:

Timothy A. La Sota, Tiffany & Bosco, P.A., Phoenix, for Don Shooter

Keith Beauchamp, Roopali H. Desai, Coppersmith Brockelman PLC, Phoenix, for Toby Farmer

William G. Montgomery, Maricopa County Attorney, M. Colleen Connor, Deputy County Attorney, Phoenix, for Maricopa County Appellees

Thomas C. Horne, Arizona Attorney General, Michele L. Forney, Assistant Attorney General, Phoenix, for Ken Bennett

The Court, by a panel comprising CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICE TIMMER, issued its decision per curiam.

PER CURIAM:

¶1        This petition challenge seeks to remove Toby Farmer's name from the primary ballot for the office of State Senator for Legislative District 13.  Don Shooter appeals from the trial court's order declining to remove Farmer's name based on alleged "petition forgery."  We entered an order affirming the trial court's judgment and denying Farmer's request for attorney's fees, stating that a written decision would follow.  This is that decision.

**I.**

¶2        "[A]ll petitions . . . submitted by a candidate who is found guilty of petition forgery shall be disqualified and that candidate shall not be eligible to seek election to a public office for a period of not less than five years."  A.R.S. § 16-351(F).  In *Moreno v. Jones*, 213 Ariz. 94, 101 ¶ 38, 139 P.3d 612, 619 (2006), we held that the term "petition forgery" in § 16-351(F) refers to the class 1 misdemeanor defined in A.R.S. § 16-1020.  That statute prohibits a range of conduct, the most relevant being "[a] person knowingly signing any name other than his own to a nomination petition."  § 16-1020.  Thus, candidates suffer automatic disqualification and a ban of five or more years if they sign another person's name on their nomination petitions, or if they knowingly cause another person to do the same.  *See* A.R.S. § 13-303 (criminal liability based upon another's conduct).

¶3        Shooter demonstrated at trial that seven of the signatures on two of Farmer's petition sheets were signed by persons other than the voters whose names had been signed.  He did not provide any evidence, however, as to who had forged the signatures, and he chose not to call Farmer as a witness.  Farmer, on the other hand, presented a handwriting expert who opined that Farmer had not signed the questioned signatures.  Shooter showed that Farmer had signed the circulator's oath on both sheets, attesting that he had been present when the signatures were signed.  Farmer signed the circulator's oath on a total of thirty-three sheets, bearing 216 voter signatures.  From these facts, Shooter asked the trial court to infer that Farmer knew of the forgeries, which the court declined to do.  Finding "no

evidence" that Farmer knew of the forgeries, the court determined that petition forgery had not been proved and therefore did not remove Farmer's name from the ballot.

## II.

¶4        We defer to the trial court's findings of fact unless they are clearly erroneous. *State v. Forde*, 233 Ariz. 543, 556 ¶ 28, 315 P.3d 1200, 1213 (2014). Shooter argues that whether an inference ought to be drawn is a matter of law. However, the inference that Shooter seeks is the presence of a fact, namely, Farmer's alleged knowledge of the forgeries. "The trial court, not this court, weighs the evidence and resolves any conflicting facts, expert opinions, *and inferences therefrom*." *In re Gen. Adjudication of All Rights to Use Water in Gila River Sys. & Source*, 198 Ariz. 330, 340 ¶ 25, 9 P.3d 1069, 1079 (2000) (emphasis added).

¶5        Because we cannot say that the trial court's factual findings were clearly erroneous, we affirm the trial court's ruling that petition forgery was not proved. Even without the seven signatures that the trial court found to be forgeries, Farmer still had hundreds more valid signatures than he needed for his name to appear on the ballot.

¶6        Farmer requests attorney's fees, arguing that Shooter's petition forgery claim was "without substantial justification," A.R.S. § 12-349(A)(1), meaning that it "is groundless and is not made in good faith," § 12-349(F). Because we do not conclude that Shooter acted in bad faith, we deny Farmer's request for fees. We also deny his request for fees under § 12-349(A)(2)–(3).

## III.

¶7        We therefore affirm the trial court's judgment and deny Farmer's request for attorney's fees.