SUPREME COURT OF ARIZONA
In Division


KEITH A. BEE,                              )  Arizona Supreme Court
                                          )  No. CV-08-0199-AP/EL
                             Appellant,    )
                                          )  Pima County
                   v.                     )  Superior Court
                                          )  No. C2008-4100
ANN DAY, RAMON VALADEZ, SHARON            )
BRONSON, RAYMOND J. CARROLL,              )
RICHARD ELIAS, THE DULY ELECTED           )
OR APPOINTED MEMBERS OF THE PIMA          )  **O P I N I O N**
COUNTY BOARD OF SUPERVISORS, WHO          )
ARE NAMED SOLELY IN THIER                 )
OFFICIAL CAPACITY; THE PIMA               )
COUNTY BOARD OF SUPERVISORS; THE          )
HONORABLE F. ANN RODRIGUEZ, THE           )
DULY ELECTED PIMA COUNTY                  )
RECORDER, WHO IS NAMED SOLELY             )
IN HER OFFICIAL CAPACITY; PIMA            )
COUNTY RECORDER'S OFFICE,                 )
STATE OF ARIZONA; AND THE                 )
HONORABLE BRAD NELSON, THE DULY           )
APPOINTED PIMA COUNTY DIRECTOR            )
OF ELECTIONS, WHO IS SOLELY               )
NAMED IN HIS OFFICIAL CAPACITY;           )
PIMA COUNTY ELECTIONS DEPARTMENT          )
                                          )
                             Appellees,   )
                                          )
WESLEY KENT,                              )
                                          )
           Real Party in Interest.        )
                                          )
_____ )



Appeal from the Superior Court in Pima County
The Honorable John Kelly, Judge

**REVERSED**

_____

RISNER & GRAHAM                                                      Tucson
     By   William J. Risner
Attorneys for Keith A. Bee

BARBARA LAWALL, PIMA COUNTY ATTORNEY                                  Tucson
     By   Daniel S. Jurkowitz, Deputy County Attorney
Attorneys for Ann Day, Ramon Valadez, Sharon Bronson,
Ray Carroll, Richard Elias, Pima County Board of
Supervisors, F. Ann Rodriguez, Pima County Recorder's
Office, State of Arizona, Brad R. Nelson, and Pima County
Division of Elections

WILLIAMS & ZINMAN P.C.                                             Scottsdale
     By   Scott E. Williams
          Mark B. Zinman
Attorneys for Wesley Kent

_____

**B A L E S**, Justice

¶1        This case concerns elector Wesley Kent's challenge to the nomination petitions of Keith Bee, a candidate seeking to become the Republican nominee for Pima County Justice of the Peace for Precinct 5.  Bee appealed from a superior court judgment invalidating his nomination petitions and striking his name from the ballot.  We issued an order reversing the superior court and stating that Bee's name will appear on the primary ballot.  This opinion explains our reasoning.

## I.   Factual and Procedural Background

¶2        In 2007, Jim Green resigned from his position as Pima County Justice of the Peace for Precinct 5, although the term for which he was elected does not end until December 31, 2010. Bee was appointed to fill the position until the next general election, scheduled for November 4, 2008, when voters will

2

choose which candidate will serve the remainder of Green's unexpired term.

¶3        A partisan primary election is scheduled for September 2, 2008. To obtain a place on a partisan primary election ballot, a candidate must file nomination petitions containing a sufficient number of valid signatures. Ariz. Rev. Stat. ("A.R.S.") §§ 16-314, -322 (2006). When a person is "seeking to fill an unexpired vacant term," the nomination petitions "shall designate the expiration date of the term following the name of the office being sought." A.R.S. § 16-314(D).

¶4        Bee submitted nomination petitions with sufficient signatures, but none of his petitions "designate[d] the expiration date" of Green's unexpired vacant term. *See id.* Kent challenged the validity of the petitions based on this omission. The superior court agreed that the petitions were invalid and ordered Bee's name to be removed from the ballot. Bee timely filed a notice of appeal in the superior court within the five-day deadline provided by A.R.S. § 16-351(A), which provides for a direct appeal to this Court.

## II. Discussion

### A.

¶5        To facilitate expedited election appeals, this Court recently adopted Rule 8.1 of the Arizona Rules of Civil Appellate Procedure ("ARCAP"). The rule requires appellants in

3

expedited election matters to file a copy of the notice of appeal and other materials in the appellate court "[n]ot later than the next business day after filing the notice of appeal in the superior court."  ARCAP 8.1(c).  Although Bee timely filed his notice of appeal in the superior court, he was three days late in complying with ARCAP 8.1(c).  Based on Bee's late filing, Kent asks this Court to dismiss the appeal.

¶6      In contrast to the requirement that an appeal be timely filed, the failure to timely file a copy of the notice of appeal in accordance with Rule 8.1 is not a jurisdictional defect to an expedited election appeal.  *See* ARCAP 8(a) ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal."); *see also Edwards v. Young*, 107 Ariz. 283, 284, 486 P.2d 181, 182 (1971) ("[W]here the appeal is not timely filed, the appellate court acquires no jurisdiction other than to dismiss the attempted appeal.").

¶7      A failure to meet the filing requirements in ARCAP 8.1(c) does not warrant dismissal absent prejudice to the appellee or an impediment to this Court's ability to decide the case on the merits.  *Cf. Lubin v. Thomas*, 213 Ariz. 496, 497 ¶ 10, 144 P.3d 510, 511 (2006) (noting appeals in election matters may be dismissed for laches when unreasonable delay prejudices opponent or administration of justice).  The minor delay here

4

neither prejudiced Kent nor impeded this Court in deciding the merits. We therefore decline to dismiss Bee's appeal.

**B.**

¶8 If there is a challenge to the form or content of a nomination petition, we normally review de novo whether "a petition substantially complies with the statutory requirements" before denying access to a ballot. *Moreno v. Jones*, 213 Ariz. 94, 101-02 ¶ 40, 139 P.3d 612, 619-20 (2006). Kent contends that substantial compliance is irrelevant because the statute demands strict compliance. He notes that A.R.S. § 16-314(D) states that the nomination petition "*shall* designate the expiration date of the [unexpired] term," (emphasis added), unlike § 16-314(C), which states that nomination petitions should contain "language . . . in *substantially* the following form." (Emphasis added.) Thus, Kent argues, the legislature intended § 16-314(D) to be mandatory.

¶9 We have previously considered whether nomination petitions substantially complied with statutory requirements even though the statute did not expressly state that substantial compliance would suffice. *See Marsh v. Haws*, 111 Ariz. 139, 140, 526 P.2d 161, 162 (1974). This approach comports with *Adams v. Bolin*, in which this Court rejected a strict interpretation of nomination petition requirements, although the legislature had removed the word "substantially" from a statute

5

using language similar to A.R.S. § 16-314(C). 77 Ariz. 316, 319-22, 271 P.2d 472, 474-76 (1954). In *Adams*, the Court explained that a court should not interpret the statutes governing nomination petitions in a way that allows "purely technical departures from nominating form" to outweigh the electors' right to nominate legitimate candidates. *Id*. at 322, 271 P.2d at 475.

¶10      Under our "substantial compliance" analysis, we do not remove candidates from the ballot for mere technical departures from the form. Instead, "[i]n determining whether a nomination petition form substantially complies with the statutory requirements, this [C]ourt has focused on whether the omission of information could confuse or mislead electors signing the petition." *Moreno*, 213 Ariz. at 102 ¶ 42, 139 P.3d at 620. Absent a clear statement that the legislature intended a particular form requirement to be indispensible, we will continue to evaluate petition form challenges in this manner.

## C.

¶11      We turn to whether Bee's nomination petitions substantially comply with A.R.S. § 16-314. Kent argues they do not because they nowhere indicate that signers are nominating Bee for an unexpired vacant term or when that term expires, as A.R.S. § 16-314(D) requires. That is, the petitions do not comply at all on this point, much less substantially. We

6

disagree with Kent's narrow approach.

¶12        Section 16-314(D) must be construed in its statutory context.   Under A.R.S. § 16-314(C), candidates generally must identify in their nominating petitions their name and county of residence, the office sought, and the date of the primary election.    Subsection  (D)  does  not  require  information independent from that required under subsection (C), but instead instructs candidates to modify the form by adding the expiration date "following the name of the office being sought."   A.R.S. § 16-314(D).   In reviewing non-compliance with any component of the form, the relevant inquiry is whether the form as a whole substantially complies with the statutory requirements.

¶13        Thus,    to    determine    whether    Bee's    petitions substantially comply we look at the nomination petition form as a whole and focus on whether "the omission of" the date on which the vacant term expired "could confuse or mislead electors signing the petition."   *Moreno*, 213 Ariz. at 102 ¶ 42, 139 P.3d at 620.   *Moreno* is instructive.   There, a petition form left blank "the particular day and month of" that year's primary election, listing only the election year.   *Id.* ¶ 44.   The form also listed the name of the office sought, an office for which there was "only one primary election" date possible that year. *Id.*   Although there could have been different dates for other offices, we held that there was no risk of confusion because

7

"electors would automatically know for which primary election they were signing." *Id*. ¶ 45 (internal quotation marks omitted).

**¶14** This situation is similar. Bee's petitions listed the name of the office sought, and there is only one seat for that office contested in the upcoming election. His petitions could not have misled electors into believing that they were nominating Bee for a full term because no such seat will be on the ballot. These circumstances do not implicate the concerns that subsection (D) seems intended to address. The legislature apparently enacted subsection (D) to prevent confusion in elections with multiple openings for the same office, such as school board elections. *See Hearing on H.B. 2020 Before the H. Comm. on Educ.*, 40th Leg., 1st Reg. Sess. (1991); *see also* A.R.S. § 15-422(A) (2002) ("Nominating petitions for persons seeking to fill a vacancy on a [school district] governing board shall be designated as provided in § 16-314."). We are confident that the nomination petition forms did not cause any elector to be confused about the candidate, office, or election for which they were signing. Bee's petition forms substantially complied with the statutory requirements.

### III. Conclusion

¶**15**    For the foregoing reasons we reverse the judgment of the superior court and order Bee's name to appear on the primary ballot.

_____
W. Scott Bales, Justice

CONCURRING:

_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice