SUPREME COURT OF ARIZONA
In Division

BAHNEY DEDOLPH,                          )  Arizona Supreme Court
                                         )  No. CV-12-0226-AP/EL
            Plaintiff/Appellee,          )
                                         )
            v.                           )  Maricopa County
                                         )  Superior Court
                                         )  No. CV2012-009302
LOIS JEAN McDERMOTT, Democratic          )
Primary Candidate for Arizona            )
House of Representatives,                )
Legislative District 24; KEN             )  **O P I N I O N**
BENNETT, Secretary of State;             )
HELEN PURCELL, Maricopa County           )
Recorder; KAREN OSBORNE,                 )
Maricopa County Director of              )
Elections; FULTON BROCK,                 )
Maricopa County Supervisor;              )
DON STAPLEY, Maricopa County             )
Supervisor; ANDY KUNASEK,                )
Maricopa County Supervisor;              )
MAX WILSON, Maricopa County              )
Supervisor; MARY ROSE WILCOX,            )
Maricopa County Supervisor,              )
                                         )
            Defendants/Appellants.  )
                                         )
_____)


         Appeal from the Superior Court in Maricopa County
           The Honorable Arthur T. Anderson, Judge

              **AFFIRMED IN PART, REVERSED IN PART**
_____

COPPERSMITH SCHERMER & BROCKELMAN PLC                        Phoenix
      By    Andrew S. Gordon
            Roopali H. Desai
Attorneys for Bahney Dedolph

SNELL & WILMER, L.L.P.                                       Phoenix
      By    Kory A. Langhofer
            Ian M. Fischer
Attorneys for Lois Jean McDermott

THOMAS C. HORNE, ARIZONA ATTORNEY GENERAL                    Phoenix
     By   Michele L. Forney, Assistant Attorney General
Attorney for Ken Bennett

WILLIAM G. MONTGOMERY, MARICOPA COUNTY ATTORNEY              Phoenix
     By   M. Colleen Connor
          J. Kenneth Mangum
Attorneys for Helen Purcell, Karen Osborne, Fulton Brock,
Donald T. Stapley, Jr., Andrew Kunasek, Max Wilson, and
Mary Rose Wilcox

_____

**B A L E S**, Vice Chief Justice

¶1      This case concerns a challenge to the nomination of Lois Jean McDermott, a Democratic candidate for the Arizona House of Representatives in Legislative District 24.  McDermott appealed from a superior court judgment striking her from the primary election ballot because she incorrectly identified her surname as "Cheuvront-McDermott" in her nomination paper.  We issued an order affirming in part and reversing in part, concluding that McDermott could appear on the ballot as "McDermott, Jean Cheuvront."  This opinion explains our reasoning.

## I.

¶2      A person seeking to appear on the ballot for a partisan primary election must file a nomination paper that identifies, among other things, "the exact manner in which the person desires to have the person's name printed on the official ballot pursuant to subsection G."  A.R.S. § 16-311(A).

2

Subsection G further provides that the person's name

> shall be limited to the candidate's surname and given name or names, an abbreviated version of such names or appropriate initials such as "Bob" for "Robert", "Jim" for "James", "Wm." for "William" or "S." for "Samuel". Nicknames are permissible, but in no event shall nicknames, abbreviated versions or initials of given names suggest reference to professional, fraternal, religious or military titles. No other descriptive name or names shall be printed on the official ballot, except as provided in this section. Candidates' abbreviated names or nicknames may be printed within quotation marks. The candidate's surname shall be printed first, followed by the given name or names.

¶3        "A person who does not file a timely nomination paper that complies with [§ 16-311] is not eligible to have the person's name printed on the official ballot for that office." *Id.* § 16-311(H).  Under well-settled law, however, "we do not remove candidates from the ballot for mere technical departures" from the statutorily required forms.  *Bee v. Day,* 218 Ariz. 505, 507 ¶¶ 9-10, 189 P.3d 1078, 1080 (2008).  Respecting the electors' right to nominate legitimate candidates, we assess whether nominating papers substantially comply with the statutory requirements.  *See id.*

¶4        Bahney Dedolph brought this action seeking to disqualify McDermott because her nomination paper stated that she desired to appear on the ballot as "Cheuvront-McDermott, Jean" when her legal surname is McDermott.  McDermott responded by arguing that this challenge was untimely under A.R.S. § 16-351; that § 16-311(G) allowed her to identify herself as

3

"Cheuvront-McDermott" as a nickname; and, in any event, that she had substantially complied with the statutory requirements.

¶5     The trial court held an evidentiary hearing, at which the following facts were undisputed. In 1957, McDermott, who had moved to Phoenix the preceding year, married Jerry Cheuvront and changed her name to Lois Jean Cheuvront. The next year, the couple moved into the area that is now District 24, where they lived until the 1970s and McDermott taught in public schools. Students and parents knew her under her married name Cheuvront. In the mid-1970s, McDermott moved out of District 24, but she continued working at a hospital and art museum there. She also maintained business dealings in the district under the name of Cheuvront, both as a realtor and through her husband's construction company. In 1984, she moved back to District 24 for several years before relocating to Massachusetts in 1988.

¶6     In 1989, McDermott remarried and changed her legal surname from Cheuvront to McDermott. After Mr. McDermott became ill in 1993, the couple moved to Phoenix. In 1998, she successfully ran for precinct committeewoman as Jean McDermott. After Mr. McDermott died in 2002, she again ran for precinct committeewoman as Jean McDermott in 2002, 2004, and 2006.

¶7     McDermott now again lives in District 24. She testified that, because she was known as Jean Cheuvront when she previously lived in this district, she often introduces herself

4

as Jean Cheuvront-McDermott or clarifies that her previous name was Cheuvront. As a candidate for the House of Representatives for District 24, McDermott circulated nomination petition forms for electors to sign that identified her as "Jean Cheuvront McDermott." Dedolph does not dispute that McDermott obtained sufficient signatures to qualify for the ballot.

¶8 The superior court ruled that Dedolph's challenge was timely, that McDermott had not complied with § 16-311 because "Cheuvront-McDermott" is not her surname, and that she also had not substantially complied with the statute. Accordingly, the superior court ordered that McDermott not be listed as a candidate on the 2012 primary election ballot. McDermott filed a timely appeal with this Court pursuant to § 16-351(A) and ARCAP 8.1.

## II.

¶9 McDermott first argues that Dedolph's challenge to her nomination was untimely under § 16-351(A), which provides that such actions must be filed "no later than 5:00 p.m. of the tenth day, excluding Saturday, Sunday and other legal holidays, after the last day for filing nominating papers and petitions." The deadline for filing nominating papers and petitions was May 30, 2012. *See* § 16-311(A). Because the tenth day after May 30 was June 9, a Saturday, McDermott concludes that the deadline for filing a challenge to her nomination was Monday, June 11, 2012.

5

Dedolph filed this action on Wednesday, June 13.

**¶10** Before 2003, § 16-351(A) required that nomination challenges be filed "within ten days, excluding Saturday, Sunday and other legal holidays, after the last day for filing nomination papers and petitions." We construed that language as "giv[ing] an elector ten business days after the petition filing deadline to challenge the validity of signatures on nomination petitions." *Powers v. Carpenter*, 203 Ariz. 116, 119 ¶ 15, 51 P.3d 338, 341 (2002). Dedolph filed her challenge on the tenth business day after the May 30 petition filing deadline.

**¶11** McDermott argues that § 16-351(A) no longer allows nomination challenges to be filed within ten business days after the petition filing deadline. In 2003, the legislature amended the statute by replacing "within ten days" with the phrase "no later than 5:00 p.m. of the tenth day." 2003 Ariz. Sess. Laws, ch. 233, § 5 (1st Reg. Sess.). Based on this amendment, McDermott contends that challenges now must be filed within ten calendar days after the petition filing deadline, unless the tenth day falls on a Saturday, Sunday, or other legal holiday.

**¶12** We disagree. Under McDermott's interpretation, the phrase "excluding Saturday, Sunday and other legal holidays" would effectively be rendered superfluous. Even without this language, if the deadline falls on one of the identified days, a challenge filed on the next business day would be timely. *See*

6

*Bohart v. Hannah*, 213 Ariz. 480, 482 n.2 ¶ 7, 143 P.3d 1021, 1023 n.2 (2006) (noting that under § 16-351(A), if five-calendar-day deadline falls on Saturday, Sunday, or a holiday, notice of appeal is timely when filed on the next business day); A.R.S. § 1-303 (allowing performance on next business day when deadline falls on a holiday). Moreover, McDermott's interpretation implies that the legislature, through the 2003 amendment, intended to significantly reduce the time for filing nomination petition challenges by replacing the ten-business-day period with a ten-calendar-day period. If the legislature had intended this result, it could have simply provided that nomination challenges must be filed "not later than 5:00 p.m. within ten days after" the petition filing deadline. Instead, the legislature evidently intended to set a 5:00 p.m. deadline on the tenth business day after the petition filing deadline. *See* Ariz. State Senate, Fact Sheet for S.B. 1046, 46th Leg., 1st Reg. Sess. (Feb. 23, 2003) (noting that 2003 amendment "[c]larifies that the deadline for filing any court action challenging the nomination of candidates is 5:00 p.m. of the 10th day following the last day for filing nominating papers and petitions, excluding weekends and legal holidays").

¶**13**     Dedolph timely filed her challenge by 5:00 p.m. on the tenth business day after the petition filing deadline.

7

¶14     McDermott argues that § 16-311(G) allowed her to list her name on the ballot as "Cheuvront-McDermott, Jean" and, alternatively, that she should remain on the ballot because she substantially complied with the statutory requirements.

¶15     We agree with the superior court that McDermott did not technically comply with § 16-311(G). The first sentence of subsection (G) requires a candidate to specify how his or her name should appear on the official ballot, restricting the choices to "the candidate's surname and given name or names, an abbreviated version of such names or appropriate initials such as "Bob" for "Robert", "Jim" for James, "Wm." for "William" or "S." for "Samuel."" McDermott notes that the next sentence provides that "[n]icknames are permissible, but in no event shall nicknames, abbreviated versions or initials of given names suggest reference to professional, fraternal, religious or military titles." She then contends that "Cheuvront-McDermott" is a permissible "nickname surname" under the statute.

¶16     Under § 16-311(G), a candidate must list his or her legal surname in the nomination papers, and that name must appear first on the ballot. The statute begins by directing that the candidate's name "shall be limited to the candidate's surname *and* given name or names, an abbreviated version of such names or appropriate initials," and it concludes by requiring

8

that "[t]he candidate's surname shall be printed first, followed by the given name or names." *Id.* (emphasis added). The intervening statutory declaration that "[n]icknames are permissible" allows nicknames in addition to or in place of a candidate's given name, but it does not allow the substitution of a nickname for the required surname. For example, the statute might have allowed Ernest W. McFarland to appear on the ballot as "McFarland, Ernest 'Mac'", because his nickname was "Mac," but it would not have allowed him to use "Mac" in lieu of his surname. *Cf.* James W. Johnson, *Arizona Politicians: The Noble and the Notorious* 62, 65 (2002) (discussing political career of Ernest "Mac" McFarland as U.S. Senator, Arizona Governor, and Arizona Supreme Court Justice).

¶17     If McDermott wanted the ballot to reflect that she is also known as Cheuvront, she should have listed her name in the nomination paper as "McDermott, Jean Cheuvront" rather than "Cheuvront-McDermott, Jean." Because she did not strictly comply with § 16-311(G), we must consider whether she substantially complied, an issue we review de novo. *Moreno v. Jones*, 213 Ariz. 94, 101-02 ¶ 40, 139 P.3d 612, 619-20 (2006). This analysis considers the nomination paper as a whole, *see Bee*, 218 Ariz. at 507-08 ¶ 12, 189 P.3d at 1080-81, and "focuse[s] on whether the omission of information could confuse or mislead electors," *Moreno*, 213 Ariz. at 102 ¶ 42, 139 P.3d at

9

620.

¶18     McDermott substantially complied with § 16-311(G). Her nomination petition forms listed her name as "Jean Cheuvront McDermott," three names by which she has been known. She could have used nominating petitions in this form if she had listed her name as "McDermott, Jean Cheuvront" in her nomination paper filed under § 16-311(G). Nothing suggests that McDermott's listing her name as "Cheuvront-McDermott, Jean" in her nomination paper would cause electors signing her nomination petitions to be confused or misled about her identity.

¶19     Our conclusion that McDermott substantially complied with the requirements in § 16-311(G) does not mean that she should appear on the ballot as "Cheuvront-McDermott, Jean." The statute directs that "[t]he candidate's surname shall be printed first," and McDermott's substantial compliance does not relieve the election officials responsible for printing the ballots from this statutory requirement. *See* A.R.S. § 16-503 (duty to prepare ballots containing the names of candidates). Accordingly, we ordered that McDermott's name be printed on the primary ballot as "McDermott, Jean Cheuvront."

10

**IV.**

¶20      For the foregoing reasons, we affirmed in part and reversed in part the judgment of the superior court.

                                        _____
                                        Scott Bales, Vice Chief Justice

CONCURRING:

_____
Rebecca White Berch, Chief Justice


_____
Robert M. Brutinel, Justice