IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

---

**DOUG CLARK, AN INDIVIDUAL AND QUALIFIED ELECTOR,**
*Plaintiff/Appellee,*

*v.*

**JIMMIE MUÑOZ, JR., AN INDIVIDUAL AND REAL PARTY IN INTEREST; THE HONORABLE DENNY BARNEY; STEVE CHUCRI; ANDY KUNASEK; CLINT L. HICKMAN; MARIE LOPEZ ROGERS, THE DULY ELECTED/APPOINTED MEMBERS OF THE MARICOPA COUNTY BOARD OF SUPERVISORS, WHO ARE NAMED SOLELY IN THEIR OFFICIAL CAPACITY; THE MARICOPA COUNTY BOARD OF SUPERVISORS; THE HONORABLE HELEN PURCELL, THE DULY ELECTED MARICOPA COUNTY RECORDER, WHO IS NAMED SOLELY IN HER OFFICIAL CAPACITY; AND THE HONORABLE KAREN OSBORNE, THE DULY APPOINTED MARICOPA COUNTY DIRECTOR OF ELECTIONS, WHO IS NAMED SOLELY IN HER OFFICIAL CAPACITY,**
*Defendants/Appellants.*

---

No. CV-14-0182-AP/EL
Filed July 29, 2014

---

Appeal from the Superior Court in Maricopa County
The Honorable Thomas L. LeClaire, Judge
No. CV2014-008802
**AFFIRMED**

---

COUNSEL:

Scott E. Williams, Mark B. Zinman, Williams, Zinman & Parham P.C., Scottsdale, for Doug Clark

Paul M. Weich, Law Offices of Paul Weich, Tempe, for Jimmie Muñoz, Jr.

William G. Montgomery, Maricopa County Attorney, M. Colleen Connor, J. Randall Jue, Deputy County Attorneys, Phoenix, for Maricopa County Defendants

---

CHIEF JUSTICE BALES authored the opinion of the Court, in which JUSTICE BERCH and JUSTICE BRUTINEL joined.

---

CHIEF JUSTICE BALES, opinion of the Court:

¶1 Jimmie Muñoz, Jr. filed a timely appeal of the trial court's order removing his name from the ballot for the office of Constable for the Downtown Justice of the Peace Precinct of Maricopa County. On June 27, 2014, we entered an order affirming the judgment of the trial court and stating that a written decision would follow. This is that decision.

**I.**

¶2 Doug Clark, the incumbent constable, challenged the sufficiency of Muñoz's nominating petitions. As one of two alternative bases for its order, the trial court held that several of Muñoz's petition sheets were invalid because they contained a photograph of the Maricopa County constable's badge that could confuse or mislead voters. When the signatures on these sheets were excluded, Muñoz had fewer than the required 203 valid signatures.

¶3 The trial court's ruling hinged on its interpretation of A.R.S. § 16-315(A), which sets out the required form for nomination petitions. We review the trial court's statutory interpretation de novo. *Moreno v. Jones*, 213 Ariz. 94, 98 ¶ 23, 139 P.3d 612, 616 (2006).

¶4 Section 16-315(A)(1)–(4) specifies the basic layout of the petition sheets and the information they must contain, stating that petitions shall be in "substantially" the specified form. Subsection (5) provides that "[a] photograph of the candidate may appear on the nomination petition." The petitions at issue did not include Muñoz's photograph, but instead displayed a photograph of a constable's badge.

¶5 The statute does not explicitly prohibit photographs of things other than the candidate (or other extraneous markings), but we think it unlikely that the legislature would specify only one kind of photograph if it meant to authorize photographs more generally. *Cf. Powers v. Carpenter*, 203 Ariz. 116, 118 ¶¶ 10–11, 51 P.3d 338, 340 (2002) (explaining that a statute authorizing signors only of initiative, referenda, or subdivision formation petitions to withdraw their signatures did not permit signors of nomination petitions to do the same).

¶6 By including the badge photograph, Muñoz's petitions did not strictly comply with the specified statutory form. However, "we do not

remove candidates from the ballot for mere technical departures from the form." *Bee v. Day*, 218 Ariz. 505, 507 ¶ 10, 189 P.3d 1078, 1080 (2008). Instead, "we assess whether nominating papers substantially comply with the statutory requirements." *Dedolph v. McDermott*, 230 Ariz. 130, 131 ¶ 3, 281 P.3d 484, 485 (2012).

¶7        Our past nomination petition cases have dealt primarily with omissions from, not additions to, the statutorily prescribed form. *See*, *e.g.*, *Kennedy v. Lodge*, 230 Ariz. 134, 135 ¶ 7, 281 P.3d 488, 489 (2012). In these cases, "this court has focused on whether the omission of information could confuse or mislead electors signing the petition." *Moreno*, 213 Ariz. at 102 ¶¶ 42, 44, 139 P.3d at 620 (specifying the year, but not the exact date, of the primary election for state legislative office was not confusing); *see also Kennedy*, 230 Ariz. at 136 ¶¶ 9, 16, 281 P.3d at 490 (failure to specify the office of judge — the only kind of superior court office on the ballot — was not confusing, but failure to specify which of several divisions up for election was confusing); *Bee*, 218 Ariz. at 508 ¶ 14, 189 P.3d at 1081 (failure to specify candidate was running for a partial term was not confusing when only the partial term would be on the ballot).

¶8        We hold that the same "potential to confuse or mislead" standard equally applies to unauthorized additions to the form. *Cf. Dedolph*, 230 Ariz. at 133 ¶ 18, 281 P.3d at 487 (a candidate name that was similar but not identical to the name listed in her nomination paper was not confusing). And we agree with the trial court that the badge photograph could confuse or mislead voters. Voters might mistakenly believe that Muñoz is an incumbent constable, especially since another Jimmie Muñoz is the constable for a neighboring precinct. Voters might also believe that the petition form is an official County document, and thereby misunderstand the purpose that it serves. Therefore, Muñoz's petition sheets containing the photograph do not substantially comply with § 16-315(A).

## II.

¶9        Even apart from the problem with the petition sheets, the trial court ruled that Muñoz had not submitted the required 203 valid signatures. Before trial, the Maricopa County Elections Department had provided a "Petition Signature Worksheet" to both parties and to the trial court. That worksheet showed that Muñoz had filed 287 signatures, of

which 61 were invalid, leaving him with 226 valid signatures. Based on testimony by several voters who said that they had not signed Muñoz's petitions, the trial court determined that some additional signatures were invalid. Counsel conferred and advised the court that it should strike 41 more signatures, leaving Muñoz with only 185 valid signatures.

¶10        As the court read its findings into the record, Muñoz realized that a mistake had been made in the County's worksheet. On the video recording of the trial, he can be heard telling his counsel that he had actually filed 307 signatures, twenty more than the worksheet reflected, but he did not object or make the error known to the trial judge. The next day, the County filed a Notice of Error stating that Muñoz had in fact filed 307 signatures. Muñoz immediately moved for a new trial under Arizona Rule of Civil Procedure 59(a)(4) and (8). The court denied the motion in an order that Muñoz did not appeal.

¶11        Muñoz now argues that the trial court committed fundamental error by basing its decision, in part, on the County worksheet that understated the number of signatures he submitted.

¶12        When a criminal defendant does not object to an error at trial, this Court reviews for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567 ¶ 19, 115 P.3d 601, 607 (2005). In civil cases, however, we have "recognize[d] that the 'fundamental error' doctrine should be used sparingly, if at all." *Williams v. Thude*, 188 Ariz. 257, 260, 934 P.2d 1349, 1352 (1997). In the tightly compressed schedule for nominating petition challenges, remand for new trials often will be impractical. However, we need not decide whether the fundamental error doctrine applies in this context. Even if the doctrine applies, Muñoz cannot meet his burden of showing "that the error in his case caused him prejudice," *Henderson*, 210 Ariz. at 567 ¶ 20, 115 P.3d at 607, because his name would have been removed from the ballot regardless of the incorrect totals listed in the worksheet.

### III.

¶13        We affirm the trial court's judgment removing Muñoz's name from the primary ballot.