IN THE

# SUPREME COURT OF THE STATE OF ARIZONA
## IN DIVISION

RAYMOND L. MALNAR, A QUALIFIED ELECTOR
*Plaintiff/Appellee,*

*v.*

ELIZABETH (AKA BETH) JOICE, AN INDIVIDUAL,
*Defendant/Appellant,*

*and*

DON COVEY, ED.D., IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF
SCHOOLS OF MARICOPA COUNTY, ARIZONA; DENNY BARNEY, STEVE
CHUCRI, ANDY KUNASEK, CLINT L. HICKMAN AND MARIE LOPEZ ROGERS,
IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE BOARD OF
SUPERVISORS OF MARICOPA COUNTY; HELEN PURCELL, IN HER OFFICIAL
CAPACITY AS RECORDER OF MARICOPA COUNTY, ARIZONA; AND KAREN
OSBORNE, IN HER OFFICIAL CAPACITY AS DIRECTOR OF ELECTIONS OF
MARICOPA COUNTY, ARIZONA,
*Defendants.*

No. CV-14-0240-AP/EL
Filed November 14, 2014

Appeal from the Superior Court in Maricopa County
The Honorable Douglas Gerlach, Judge
No. CV2014-010726
**AFFIRMED**

COUNSEL:

David J. Cantelme, D. Aaron Brown, Samuel Saks, Cantelme & Brown,
P.L.C., Phoenix, for Raymond L. Malnar

Kory A. Langhofer, Thomas J. Basile, Brownstein Hyatt Farber Schreck,
LLP, Phoenix, for Elizabeth Joice

William G. Montgomery, Maricopa County Attorney, M. Colleen Connor,
Joe Albo, Deputy County Attorneys, Phoenix, for County Defendants

JUSTICE TIMMER authored the opinion of the Court, in which VICE CHIEF JUSTICE PELANDER and JUSTICE BERCH joined.

JUSTICE TIMMER, opinion of the Court:

¶1 We previously issued an order affirming the superior court's removal of Elizabeth Joice's name from the 2014 general election ballot for a vacant term on the Peoria Unified School District Governing Board. This opinion explains our reasoning.

## I. BACKGROUND

¶2 There are three vacant positions for terms on the Peoria Unified School District Governing Board up for election in the 2014 general election. Two of the terms are full four-year terms and one is an unexpired, two-year term. On August 4, 2014, Joice filed a nomination paper with the Maricopa County Education Service Agency ("Agency") declaring her intent to run for the unexpired term. She simultaneously filed nomination petitions but failed to comply with A.R.S. § 16-314(D), which provides that "[t]he nomination petition of a person seeking to fill an unexpired vacant term for any public office shall designate the expiration date of the term following the name of the office being sought."

¶3 Elector Raymond L. Malnar filed this action in superior court on August 19, challenging Joice's candidacy based on her non-compliant nomination petitions. The next day, Malnar served the complaint and attendant documents on the Agency as Joice's statutory agent pursuant to A.R.S. § 16-351(D).

¶4 At a hearing on August 22, Joice's attorney entered a limited appearance to contest the sufficiency of service of process, contending that she had not received the complaint from the Agency. In response, the Agency's counsel avowed that the Agency had mailed the complaint to Joice and notified her of the lawsuit by telephone. At the superior court's direction, Malnar gave Joice's attorney a copy of the complaint, and the hearing was continued to August 25. At the conclusion of the August 25 hearing, the court upheld Malnar's challenge and ordered that Joice's name not be included on the ballot.

**¶5**        Joice appealed to this Court pursuant to A.R.S. § 16-351(A). She does not contest that she failed to comply with § 16-314(D) but argues that the superior court lacked personal jurisdiction and, alternatively, imposed an inappropriate remedy for the violation.

## II.  DISCUSSION

### A.  Personal Jurisdiction

**¶6**        The officer with whom the candidate files the nomination paper and petitions is statutorily appointed as that candidate's agent to receive service of process for any challenge to the nomination petitions. A.R.S. § 16-351(D).  Upon receipt of process, the agent must immediately mail it to the candidate and notify the candidate by telephone that the action was filed.  *Id.*  Joice argues that because nothing in the record reflects that the Agency complied with § 16-351(D)'s notification requirements, service of process on the Agency was insufficient under the Due Process Clause to bestow personal jurisdiction over her.

**¶7**        Service of process on an agent appointed by statute affords sufficient due process if "the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice." *Wuchter v. Pizzutti*, 276 U.S. 13, 24 (1928); *cf. Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").  Joice acknowledges that § 16-351(D) meets this standard but argues that the absence of evidence demonstrating the Agency's compliance with the statute's notice requirements rendered service of process defective.

**¶8**        The record reflects sufficient service of process on Joice.  A process server avowed in a sworn certificate of service that he had served the complaint package on the Agency's elections specialist.  Absent any evidence to the contrary, we presume that the Agency complied with the notification requirements of § 16-351(D). *Cf. Verdugo v. Indus. Comm'n*, 108 Ariz. 44, 48, 492 P.2d 705, 709 (1972) (noting that "public officers are presumed to have done their duty"); *Indus. Comm'n v. J. & J. Const. Co.*, 72 Ariz. 139, 145, 231 P.2d 762, 765–66 (1951) (presuming that the Industrial

3

Commission served an order as directed by rule).  Joice bore the burden of producing evidence to rebut this presumption, Ariz. R. Evid. 301, and she did not present any evidence suggesting that the Agency failed to comply with § 16-351(D).  Moreover, the Agency's counsel avowed that it had complied with the statute, and Joice never contended otherwise.  In sum, the record reflects proper service on Joice pursuant to A.R.S. § 16-351(D), and the superior court correctly rejected Joice's jurisdictional challenge.

## B.  Remedy

¶9	Candidates will not be disqualified based on an error or omission in nomination documents that substantially comply with statutory requirements.  *Dedolph v. McDermott*, 230 Ariz. 130, 131 ¶ 3, 281 P.3d 484, 485 (2012) (nomination paper); *Bee v. Day*, 218 Ariz. 505, 507 ¶¶ 8–9, 189 P.3d 1078, 1080 (2008) (nomination petitions).  In determining whether substantial compliance exists, we focus on "whether the omission of information could confuse or mislead electors."  *Dedolph*, 230 Ariz. at 133 ¶ 17, 281 P.3d at 487 (quoting *Moreno v. Jones*, 213 Ariz. 94, 102 ¶ 42, 139 P.3d 612, 620 (2006)); *see also Bee*, 218 Ariz. at 507 ¶ 10, 189 P.3d at 1080.  We review de novo whether nomination documents substantially complied with statutory requirements.  *Moreno*, 213 Ariz. at 101–02 ¶ 40, 139 P.3d at 619–20.

¶10	Joice does not contend that the superior court incorrectly struck her name from the ballot for the unexpired two-year board term but argues that the court erred by refusing to order that her name appear on the ballot as a candidate for a full four-year term.  Because full-term candidates were not required to designate the expiration date of the term on their petitions, Joice contends that electors who signed her petitions necessarily intended to place her name on the ballot for a full term.  Therefore, she asserts, because voters were not confused or misled about which term she sought, she substantially complied with the statutory requirements for a full-term candidacy.

¶11	We reject Joice's speculative argument for two reasons.  First, we are not persuaded that the electors who signed her petitions necessarily thought she was running for a full term.  Joice filed a nomination paper declaring her intent to run for the unexpired term.  *See* A.R.S. § 16-311(B) (requiring a person desiring to be a candidate to designate the office sought in the nomination paper).  Consequently, and depending on what they were

told by petition circulators, electors could have thought she was running for the unexpired term position despite the absence of petition language specifying that fact. Had some electors known she was seeking a full term, they might have declined to sign her petition because they supported other candidates for the two full-term positions or had already signed the maximum number of petitions allowed. *See* A.R.S. § 16-321(A) (limiting the number of petitions for the same office that an elector may sign). We cannot remedy Joice's statutory violation in a way that could thwart some electors' intentions.

**¶12** Second, because Joice's nomination paper specified her intent to run for the unexpired term, the superior court correctly refused to order her name on the ballot for a full term. Relying on *Dedolph*, Joice nevertheless asks that we consider her nomination paper as one seeking a full-term candidacy. In *Dedolph*, the candidate used part of her former married name on her nomination paper in violation of A.R.S. § 16-311(G), which required her to use her legal name. 230 Ariz. at 131 ¶¶ 1–2, 281 P.3d at 485. Because the record demonstrated that electors could not have been confused or misled by her error, we ordered that her name be included on the ballot in the manner statutorily required. *Id.* at 133–34 ¶¶ 18–19, 281 P.3d at 487–88. Unlike the candidate in *Dedolph*, however, Joice did not make an error in her nomination paper; she always intended to run for the unexpired term. Consequently, there is nothing to correct, and *Dedolph* is unavailing.

## III. CONCLUSION

**¶13** For the foregoing reasons, we affirm the superior court's judgment and order that Joice's name be excluded from the 2014 general election ballot for a position on the Peoria Unified School District Governing Board.