IN THE

# SUPREME COURT OF THE STATE OF ARIZONA
## IN DIVISION
_____

**JUDITH K. LOHR, A QUALIFIED ELECTOR**
*Plaintiff/Appellant*,


*v.*


**SHAWNNA BOLICK, A REPUBLICAN PRIMARY CANDIDATE FOR ARIZONA
HOUSE OF REPRESENTATIVES IN LEGISLATIVE DISTRICT 20, ET AL.**
*Defendant/Appellee.*

No.  CV-20-0129-AP/EL
Filed: September 8, 2020
_____


Appeal from the Superior Court in Maricopa County
The Honorable M. Scott McCoy, Judge
No. CV2020-004868

### AFFIRMED IN PART AND REVERSED IN PART
_____

COUNSEL:
James E. Barton II, Jacqueline Mendez Soto, Torres Law Group, PLLC,
Tempe, Attorneys for Judith K. Lohr

Kory Langhofer, Thomas Basile, Statecraft PLLC, Phoenix, Attorneys for
Shawnna Bolick

Katie Hobbs, Arizona Secretary of State, In Propria Persona

Mark Brnovich, Arizona Attorney General, Joseph A. Kanefield, Chief
Deputy, Brunn (Beau) W. Roysden III, Division Chief, Jennifer J. Wright,
Assistant Attorney General, Phoenix, Attorneys for Amicus Curiae Mark
Brnovich
_____


CHIEF JUSTICE BRUTINEL authored the opinion of the Court, in which
VICE CHIEF JUSTICE TIMMER, and JUSTICES GOULD and
MONTGOMERY joined.
_____

CHIEF JUSTICE BRUTINEL, opinion of the Court:

¶1        Judith K. Lohr challenged the legal sufficiency of candidate Shawnna Bolick's nomination documents because she used a private mailbox address as her place of residence.[1]  The superior court denied the challenge, and Lohr appealed pursuant to A.R.S. § 16-351(A).  Sitting in division, we previously affirmed the trial court decision in part and ordered that Bolick's name remain on the ballot.  In this opinion, we explain that decision and hold that use of a private mailbox address, under the facts of this case, substantially complied with the statutory requirements for petitions and nomination papers, but not for circulator verifications on paper petition sheets.

## I.  BACKGROUND

¶2        Shawnna Bolick physically resides in U.S. Postal Zip Code 85022.  Rather than using her physical residence address, she listed 610 E. Bell Road, #2-142, Phoenix, AZ 85022 on her nomination paper, petitions, and circulator verifications as her residence address.  That address is a private mailbox in a UPS Store.

¶3        It is undisputed that Bolick is a resident and qualified elector of Legislative District 20 and that the address she provided is in the same city, county, zip code, and district as her physical residence.  The zip code 85022 includes portions of Legislative District 20 and District 28.  In 2014, Bolick unsuccessfully ran for office in Legislative District 28.

¶4        Bolick is married to a judge who is entitled under Arizona law to restrict public access to his residence address in certain public records.  *See* A.R.S. § 16-153.  As such, after her husband was appointed to the bench, the Maricopa County Superior Court entered an Order to Restrict Public Access to Address and Telephone Numbers in Specified Public Records, making Bolick's actual residence address confidential in certain public records.  In 2018, Bolick successfully ran for office in Legislative District 20 and currently serves as a State Representative.  In that election, Bolick used the same private mailbox address on her nomination paper, petitions, and circulator verifications without legal challenge.

---

[1]        Similar to a Post Office ("PO") Box available from the United States Postal Service, individuals may rent a private mailbox from private postal businesses such as The UPS Store.

**¶5** Lohr, a qualified elector within Legislative District 20, filed a complaint challenging Bolick's nomination petitions and the nomination paper. Lohr asserted Bolick did not comply with A.R.S. §§ 16-311(A), -314(C), and -315(B) by failing to list her residence address. The trial court found Bolick substantially complied with the applicable election laws because voters were unlikely to have been confused or misled by the technical error at issue.

**¶6** Lohr maintains that Bolick's use of a private mailbox located at a UPS store rather than her physical residence address disregarded clear statutory requirements in their entirety and that such use is not a mere technical error that can be remedied by substantial compliance.

## II. DISCUSSION

**¶7** We review a challenge to the form or content of nomination documents to determine whether the documents "'substantially compl[ied] with the statutory requirements' before denying access to a ballot." *Bee v. Day*, 218 Ariz. 505, 506 ¶ 8 (2008) (quoting *Moreno v. Jones*, 213 Ariz. 94, 101–02 ¶ 40 (2006)).

**¶8** This Court considers whether nomination documents substantially complied with statutory requirements even if the statute at issue does not expressly state substantial compliance is sufficient. *Id.* ¶ 9. Under a "substantial compliance" analysis, this Court does not remove candidates from the ballot "for mere technical departures from the form." *Id.* ¶ 10. Rather, the focus is "on whether the omission of information could confuse or mislead electors signing the petition." *Id.* (quoting *Moreno*, 213 Ariz. at 102 ¶ 42). This Court evaluates nomination documents from challenges under a substantial compliance analysis unless there is "a clear statement that the legislature intended a particular form requirement to be indispensable." *Id.* We review whether nomination documents substantially complied with statutory requirements de novo. *Malnar v. Joice*, 236 Ariz. 170, 172 ¶ 9 (2014).

### A. A.R.S. § 16-311(A)

**¶9** The relevant part of § 16-311(A) provides:

> Any person desiring to become a candidate at a primary election for a political party and to have the person's name printed on the official ballot shall . . . sign and cause to be filed

a nomination paper giving the person's actual residence address or description of place of residence and post office address . . . .

"A person who does not file a timely nomination paper that complies with [§ 16-311(A)] is not eligible to have the person's name printed on the official ballot for that office." § 16-311(I).

¶10 Bolick did not strictly comply with the requirements of § 16-311(A) because by listing a private mailbox located at a UPS store, and not her physical residence, Bolick failed to give her "actual residence address or description of place of residence and post office address." However, Bolick substantially complied with the statutory nomination paper requirement.

¶11 The substantial compliance analysis "considers the nomination paper as a whole and 'focuse[s] on whether the omission of information could confuse or mislead electors.'" *Dedolph v. McDermott*, 230 Ariz. 130, 133 ¶ 17 (2012) (internal citation omitted) (quoting *Moreno*, 213 Ariz. at 102 ¶ 42). In *Dedolph*, the defendant listed her name incorrectly in her nomination paper. *Id.* ¶ 18 (stating the defendant should have listed her name in the nomination paper as "McDermott, Jean Cheuvront" rather than "Cheuvront–McDermott, Jean"). This Court determined the error did not cause electors signing her nomination petitions to be confused or misled about her identity. *Id.* at 133 ¶¶ 16, 18, 133–34 ¶ 19. Therefore, the defendant substantially complied with the requirements of § 16-311(G), which requires a candidate to list his or her legal surname in the nomination papers. *Id.* ¶¶ 16, 18.

¶12 Similarly, Bolick's use of a private mailbox at a UPS store was unlikely to have misled or confused voters about her eligibility to run as a resident of Legislative District 20 because Bolick's residence is in the same state, county, legislative district, municipality, and zip code as the UPS store. Providing an address in the district in which Bolick lives and seeks to represent also fulfills the purpose of the statutory address requirement which is to ensure that a candidate "reside[s] in the county, district or precinct that the person proposes to represent." § 16-311(A); *see also Adams v. Bolin*, 77 Ariz. 316, 320 (1954) (explaining the general purpose of statutory nomination requirements is to ensure only bona-fide, eligible candidates are placed on the ballot).

¶13       Lohr argues the substantial compliance doctrine does not apply here because the doctrine cannot apply when a candidate purposefully places incorrect information on a nomination paper.  Lohr asserts the use of the private mailbox address was not a technical error because Bolick knew that was not her physical residence address.  We disagree.  Bolick's actions were not taken to mislead electors. Rather, Bolick relied, erroneously, on the court order restricting public access to her address in specified public records.[2]  And, because Bolick had previously run in 2018 using that same address without legal challenge, there is no evidence to suggest she had prior knowledge of the error or intended to violate the statute.   The substantial compliance doctrine applies and because any confusion about her eligibility was unlikely, Bolick substantially complied with § 16-311(A).

**B.  A.R.S. § 16-314(C)**

¶14       Section 16-314(C) requires that a partisan nomination petition include the address at which the candidate resides.  Bolick did not strictly comply with § 16-314(C) when stating in her nomination petitions sheets that she "resides" at an address other than her actual residence address.

¶15       Lohr argues Bolick's use of a private mailbox address likely misled or confused voters and as a result did not substantially comply with § 16-314(C).  Again, we disagree.

¶16       In *Baker v. Saban*, No. CV-16-0140-AP/EL (Ariz. June 29, 2016), this Court resolved a similar case but did not issue an opinion.  Although *Baker* has no precedential value, it is persuasive on this issue.  *See* Ariz. R. Sup. Ct. 111.  There, this Court found that the defendant did not strictly comply with the requirements of § 16-314(C) by listing a UPS facility address in the blank following the phrase "resides at" on his nomination petition sheets.  Decision Order, *Baker*, No. CV-16-0140-AP/EL.  However,

---

[2]       Section 16-153 is limited to the eligible persons' voter registration record and does not extend to candidate filings.  *See* § 16-153(A).  The law expressly provides that protected voters who are signing petitions are not required to put their actual address if their "actual residence is protected pursuant to § 16-153."  A.R.S. § 16-321(E).  The legislature has provided no such exception for candidate nomination documents that require listing an "actual residence address."  Based on the residency requirements provided in the Arizona Constitution and the applicable statutes, candidates are required to provide their actual residence address on candidate nomination documents even if they are protected voters under § 16-153.

the Court found that by providing accurate information as to the city, county, state, and zip code matching those of his actual physical residence, his petition sheets were unlikely to cause confusion or to mislead electors as to whether the defendant lived in Maricopa County, the jurisdiction where he sought to be nominated to elected office. Therefore, the defendant substantially complied with § 16-314(C) and his name was left on the ballot for the office of Maricopa County Sheriff.

**¶17**     In *Bee v. Day*, the defendant failed to designate the expiration date of the prior unexpired vacant term, in violation of § 16-314(D). *Bee*, 218 Ariz. at 506 ¶¶ 3–4.   The Court found that the defendant's petitions substantially complied with § 16-314 and could not have misled electors because the petitions listed the name of the office sought, and there was only one seat for that office contested in the upcoming election. *Id.* at 508 ¶ 14.  And the petitions could not have misled electors into believing they were nominating the defendant for a full term because no such seat would be on the ballot. *Id.*

**¶18**     In *Moreno v. Jones*, a petition form left blank the exact date of that year's primary election, listing only the election year.   *Moreno*, 213 Ariz. at 102 ¶ 44.  The form did list the name of the office sought. *Id.*  There was "only one primary election" date possible for that office that year. *Id.*  Although different dates for other offices were possible, this Court held that there was no risk of confusion, and therefore, the petition form substantially complied because "electors would automatically know for which primary election they were signing." *Id.* ¶ 45 (internal quotation marks omitted).

**¶19**     Similarly, Bolick substantially complied with § 16-314(C). Like the defendant in *Baker*, Bolick's physical residence is in the same legislative district and zip code as the UPS Store.  Thus, Bolick's nomination petition sheets were unlikely to cause confusion or mislead electors as to whether she lives in and is a qualified elector in District 20, the District from which Bolick is running for office.  Lohr argues this case is distinguishable because the zip code of the UPS store includes portions of Legislative District 20 and District 28, and in 2014, Bolick ran for office from District 28. This difference is not enough to distinguish *Baker*.  In 2018, the most recent election, Bolick ran for office from Legislative District 20, and Bolick is currently a State Representative for District 20.  And, similar to *Bee* and *Moreno*, the circumstances here do not implicate the concerns subsection (C) was intended to address, such as to prevent confusion as to which District

the candidate was running for office. Bolick substantially complied with § 16-314(C).

## C. A.R.S. §§ 16-315(B) and 16-316

**¶20**        Section 16-315(B) provides that a petition should include the "[c]irculator's actual residence address or, if no street address, a description of residence location shall be included on the petition." With respect to Bolick's paper petition sheets, Bolick did not strictly or substantially comply with § 16-315(B).

**¶21**        Although this court has found that a signer's use of a private mailbox as an address on a nomination petition's signature line does not render the signature invalid per se, this holding did not apply to petition circulators. *See Jenkins v. Hale*, 218 Ariz. 561, 565–66 ¶¶ 20, 22–23 (2008). The circulator's role is important—the person circulating a nomination petition is required to verify the status of petition signers. § 16–321 ("A circulator shall verify that . . . in his belief each signer was a qualified elector who resides at the address given as the signer's residence on the date indicated . . . ."). "[S]tatutory circulation procedures are designed to reduce the number of erroneous signatures, guard against misrepresentations, and confirm that signatures were obtained according to law." *Brousseau v. Fitzgerald*, 138 Ariz. 453, 456 (1984). This Court has held that "petitions containing false certifications by circulators are void, and the signatures on such petitions may not be considered in determining the sufficiency of the number of signatures to qualify for placement on the ballot." *Id.*; *see Parker v. City of Tucson*, 233 Ariz. 422, 438 ¶ 47 (App. 2013).

**¶22**        Section 16-315(D) requires out-of-state petition circulators to register with the Secretary of State and the Secretary of State must provide for "a method of receiving service of process for those petition circulators." In context of § 16-315 as a whole, the address provided by any circulator, out-of-state or otherwise, is to ensure there can be ready and accurate service of process in the event of a petition challenge. Therefore, the purpose of the address requirement is to ensure that a circulator can be contacted and questioned about the validity of gathered signatures. *Whitman v. Moore*, 59 Ariz. 211, 233 (1942), *overruled in part on other grounds by Renck v. Superior Court of Maricopa Cty.*, 66 Ariz. 320 (1947) ("The purpose of requiring the signature of the circulator is so that if any question arises in which his testimony is needed, he can readily be found."). Providing a private mailbox address does not fulfill this purpose. Thus, the paper petition sheets Bolick circulated herself without her residence address did not substantially comply with § 16-315(B).

¶23 With respect to Bolick's online "E-Qual" petition sheets submitted pursuant to A.R.S. § 16-316,[3] there is no statutory requirement that a candidate state her address.[4] Therefore, there is no statutory basis to challenge or invalidate Bolick's online E-Qual petitions on these grounds. Because Bolick did not substantially comply with § 16-315(B), 290 signatures from the paper petition sheets circulated by Bolick were invalid. However, all of Bolick's online E-Qual signatures remained valid.

## III. CONCLUSION

¶24 Bolick submitted 895 signatures. After the County Recorder invalidated 75 of the candidate's signatures, she had 820 valid signatures remaining. In our Order, we invalidated 290 signatures from the paper petition sheets submitted, leaving 530 valid signatures, more than the statutory requirement of 455. Accordingly, we ordered that Bolick's name be included on the ballot for the office of Representative for Legislative District 20. Our conclusion that Bolick substantially complied with §§ 16-311(A) and -314(C) under these facts does not mean she or any other candidate should use anything other than their actual residence address on future nomination papers and petitions. Sections 16-311(A) and -314(C) direct candidates to use their actual residence addresses and a candidate who intentionally does otherwise flirts with disqualification.

---

[3] "Notwithstanding any other statute in this title, the secretary of state shall provide a system for qualified electors to sign a nomination petition and to sign . . . for a candidate by way of a secure internet portal. The system shall allow only those qualified electors who are eligible to sign a petition for a particular candidate to sign the petition . . . and shall provide a method for the qualified elector's identity to be properly verified." § 16-316(A).

[4] Section 16-315(E) allows for the Secretary of State to authorize the use and submission of petitions in "electronic form if those petitions provide for an appropriate method to verify signatures of petition circulators and signers." The E-Qual system meets this requirement by electronically verifying petition signatures with the Secretary of State's Arizona Voter Information Database. § 16-316(A).