SUPREME COURT OF ARIZONA

LORENZA MARTINEZ, an Individual ) Arizona Supreme Court
and a Qualified Elector of LD ) No. CV-22-0101-AP/EL
16; et al., )
                                  )
          Plaintiffs/Appellees, ) Maricopa County
                                  ) Superior Court
                                  ) No. CV2022-004883
              v.                  )
                                  ) **FILED 5/9/2022**
DANIEL WOOD, an Individual,       )
                                  )
          Defendant/Appellant. )
_____ )


**DECISION ORDER**


Pending before the Court is an expedited election appeal brought
by Appellant Daniel Wood, a Republican candidate for State Senator in
Legislative District 16.

The Court, by a panel consisting of Chief Justice Brutinel,
Justice Bolick, Justice Montgomery, and Justice King, considered the
briefs of the parties, the certified transcript, the trial court's
rulings, and the relevant statutes and case law in this expedited
election matter.

Candidates seeking placement on a partisan primary election
ballot must gather a sufficient number of signatures in nomination
petitions from "qualified signers." A.R.S. § 16-322(A). A "qualified
signer" is a person "who at the time of signing is a registered voter
in the electoral district of the office the candidate is seeking" and
is registered as a member of the candidate's party, a party not
entitled to continued representation on the ballot, or an

independent. A.R.S. § 16-321(B),(F). "The way the [signer's] name appears on the [candidate's nomination] petition shall be the name used in determining the validity of the name for any legal purpose," and "[s]ignature and handwriting comparisons may be made." A.R.S. § 16-321 (D).

Appellee Martinez challenged the legal sufficiency of Appellant's nomination petition and signatures. As a candidate, Appellant was required to have 492 valid signatures to be placed on the ballot. He submitted petition sheets with 875 signatures. Appellee challenged the validity of 486 of the individual signatures (all from Pinal County) submitted by Appellant. The Pinal County Recorder determined that 430 signatures were invalid. The trial court adopted the Pinal County Recorder's determinations as to 428 signatures. Specifically, 2 signatures were invalid because they were duplicates; 1 signature was only a first name; 18 signatures were invalid because the signer was registered with the incorrect party; 6 signatures were invalid because the signer was registered as a "federal only" voter; 82 signatures were invalid because the signer was not registered to vote; and 319 signatures were invalid because the signer was not registered to vote in Legislative 16 (post-redistricting) or the previous Legislative District 11 (pre-redistricting). At most, Appellant had 447 valid signatures, which was 45 signatures short of the minimum required number of signatures. Appellant timely appealed.

**Motion to Dismiss**: Appellant moved to dismiss the action below, arguing that Appellee failed to comply with the service of process requirements set forth in A.R.S. § 16-351(D), although Appellant did not dispute that he had timely notice of the proceeding. The trial court denied the motion.

The officer with whom the candidate files the nomination paper and petitions is statutorily appointed as that candidate's agent to receive service of process for any challenge to the nomination petitions. A.R.S. § 16-351(D). Upon receipt of process, the agent must immediately mail it to the candidate and notify the candidate by telephone that the action was filed. This Court has upheld the statutory service and notice requirements for nomination petition challenges. *See Malnar v. Joice*, 236 Ariz. 170, 171-72 ¶ 6 (2014) (rejecting the argument that the court lacked jurisdiction over the candidate where the filing officer had been duly served); *see also Graham v. Tamburri*, 240 Ariz. 126, 130 ¶ 9 (2016) (holding that Apache County defendants had been properly served through service on the Secretary of State). The trial court correctly denied the motion to dismiss.

**Number of signatures required**: Appellant claims that the Appellee never established the number of signatures required and contends that the 492 number is unsubstantiated.

At trial, the State Elections Director for the Arizona Secretary of State explained that there are two potential measures to calculate

the minimum number of signatures required: 1) the standard math equation to calculate the minimum number of nomination petition signatures found in A.R.S. § 16-322(A)(2) ("at least one-half of one percent . . . of the total number of qualified signers in the district"); and 2) the temporary process outlined in H.B. 2839, a session law that provided candidates the benefit of complying with an alternative (and in this case, lower) signature threshold based on the average number of petition signatures needed across all legislative districts for a particular political party. H.B. 2839, § 2(C). (55th Legislature, 2nd Reg. Sess.) (2022). The testimony confirmed the number of necessary signatures; the Secretary of State posted the number which was readily available as public information; and Appellant made no challenge to the 492 number before the nomination petition challenge. The Court rejects the contention that there was any uncertainty regarding the number of signatures that were required.

**Sufficiency of the evidence**: Appellant generally challenges the sufficiency of the evidence to disqualify the signatures.

This Court "review[s] de novo whether 'a petition substantially complies with the statutory requirements' before denying access to a ballot.'" *McKenna v. Soto,* 250 Ariz. 469, 471 (quoting *Bee v. Day*, 218 Ariz. 505, 507 ¶ 7 (2008)). In doing so, the Court defers to the trial court's factual findings, unless clearly erroneous as not either supported by reasonable evidence or based on a reasonable

conflict of evidence. *Moreno v. Jones*, 213 Ariz. 94, 98 (2006). In examining whether the trial court's findings of facts are clearly erroneous, this Court only considers the evidence presented to the trial court, i.e., the evidence in the record. *See Shooter v. Farmer*, 235 Ariz. 199, 200-01 ¶¶ 4-5 (2014); *Schaefer v. Murphey*, 131 Ariz. 295, 299 (1982) ("As an appellate court, we are confined to reviewing only those matters contained in the record."); ARCAP 11(a)(1) ("The official record, which consists of documents . . . filed in the superior court before and including the effective date of the filing of a notice of appeal").

**Initiating a challenge and burden**: An elector can challenge the validity of the signatures in a candidate's nomination petition. A.R.S. § 16-351(A). A candidate's signatures are presumed valid, but the challenger can displace this presumption with a prima facie showing that a signer is not a qualified signer. *Jenkins v. Hale*, 218 Ariz. 561, 565-66 ¶ 23 (2008). If the presumption of validity is displaced, "the burden shifts to the proponent of the signatures to [rehabilitate the signature and] prove the signer was a qualified elector and eligible to sign the petition." *McKenna,* 250 Ariz. at 473 ¶ 18.

By statute, "[t]he county recorder or other officer in charge of elections shall perform petition signature verifications for nomination petition challenges for signatures of qualified electors who are residents of that county and shall provide testimony and

other evidence on request of any of the parties to the challenge." A.R.S. § 16-351(E).

In this case, Appellee's complaint set forth the challenged signatures and the basis for the challenges, and a representative from the Pinal County Recorder's office testified that a substantial number of the challenged signatures were invalid.

Appellant did not contest the Recorder's findings regarding invalid signatures, but instead generally challenged the validity of the voter rolls. However, "[t]he most current version of the general county register at the time of filing of a court action challenging a nomination petition constitutes the official record to be used" in examining whether a signer was properly registered at the time of signing. A.R.S. § 16-351(F). Here, testimony established the use of the general county register to determine if the signatures were valid.

**Due process:** Appellant generally challenges the expedited proceedings and certain evidentiary rulings. He generally claims that he was deprived of the ability to utilize E-Qual to obtain online signatures, but does not allege that any voter was deprived of an opportunity to sign a petition. He objects to certain aspects of the trial court proceeding, although he did not raise these objections to the trial court. He claims that nomination petition challenges that place too much of a burden on the candidate are unconstitutional, citing *Bullock v. Carter*, 405 U.S. 134, 92 S. Ct. 849, 31 L. Ed. 2d

92 (1972). However, in that case the U.S. Supreme Court disapproved of a nomination procedure that required as much as $8,900 in filing fees.

Members of the Panel are familiar with the rigorous process to seek placement on a primary ballot. Although the Court is sympathetic to the difficulties experienced by unrepresented candidates facing nomination-petition challenges, here, Appellant is unable to establish that he was deprived of the ability to rehabilitate invalid signatures. The Court finds no due process violation.

**Attorneys' fees**: Appellee seeks attorneys' fees pursuant to A.R.S. § 12-349. Appellant seeks attorneys' fees under the attorney general doctrine. Under A.R.S. § 12-349, the court shall award fees if it finds that an attorney or party "1. Brings or defends a claim without substantial justification[;] 2. Brings or defends a claim solely or primarily for delay or harassment[;] [or] 3. Unreasonably expands or delays the proceeding." Appellant did not prevail. However, Appellant was statutorily afforded the opportunity to defend the challenge and to pursue this appeal. Appellee cites no authority for the proposition that in so doing, Appellant's actions fell within the statute and the Court finds no basis to award fees under the statute.

**IT IS ORDERED** affirming the trial court decision.

**IT IS FURTHER ORDERED** granting the injunction and enjoining the Maricopa, Pima and Pinal County Supervisors, Recorders and Elections

Directors from placing Daniel Wood's name on the Republican Primary

Ballot for State Senator of Legislative District 16.

**IT IS FURTHER ORDERED** the parties' requests for fees are denied.


DATED this ____9th____ day of May, 2022.


_____/s/_____
ROBERT BRUTINEL
Chief Justice



TO:
Eric H Spencer
Ian R Joyce
Amy B Chan
Joshua David Rothenberg Bendor
John S. Bullock
Joseph Eugene La Rue
Joseph Branco
Karen J Hartman-Tellez
Daniel S Jurkowitz
Ellen Ridge Brown
Javier Adalberto Gherna
Christopher C Keller
Craig C Cameron
Allen Hatch Quist
Scott Matthew Johnson
James I Mitchell
Daniel Wood
Hon. John R Hannah Jr
Alberto Rodriguez
Alicia Moffatt
Hon. Jeff Fine